**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

RONEY R. NUNES,
        *Petitioner-Appellant,*

v.

ANA RAMIREZ-PALMER, ATTORNEY
GENERAL OF THE STATE OF
CALIFORNIA,

        *Respondent-Appellee.*

No. 06-16100

D.C. No.
CV-98-1333-DFL

OPINION

Appeal from the United States District Court
for the Eastern District of California
David F. Levi, District Judge, Presiding

Submitted February 15, 2007*
San Francisco, California

Filed April 27, 2007

Before: Ronald M. Gould and Milan D. Smith, Jr., Circuit
Judges, and Alfred V. Covello,** District Judge.

Opinion by Judge Covello

---

*This panel unanimously finds this case suitable for decision without
oral argument. *See* Fed. R. App. P. 34(a)(2).

**The Honorable Alfred V. Covello, Senior United States District
Judge for the District of Connecticut, sitting by designation.

4633

## COUNSEL

Suzanne A. Luban, Oakland, California, for the petitioner-appellant.

Bill Lockyer, Attorney General for the State of California, Mary Jo Graves, Chief Assistant Attorney General, Gerald A. Engler, Senior Assistant Attorney General, Juliet B. Haley, Deputy Attorney General, and Glenn R. Pruden, Deputy Attorney General, Sacramento, California, for the respondent-appellee.

## OPINION

COVELLO, District Judge:

This is an appeal from the district court's order denying a petition for a writ of habeas corpus. The appeal is brought pursuant to 28 U.S.C. § 2253.[1] The petitioner-appellant, Roney Nunes, contends that the district court erred when it rejected Nunes's assertions that he was charged and sentenced under California's recidivist statute in violation of the Fifth, Eighth, and Fourteenth Amendments to the United States Constitution.

---

[1]"In a habeas corpus proceeding . . . , the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held." 28 U.S.C. § 2253(a).

The issues presented are: 1) whether the state appellate court's ruling upholding the constitutionality of Nunes's sentence was the result of an unreasonable application of clearly established federal law; 2) whether the state appellate court's ruling upholding the constitutionality of Nunes's sentence was based on an unreasonable determination of the facts; 3) whether it was objectively reasonable for the state appellate court to reject Nunes's claim of prosecutorial vindictiveness; and 4) whether it was objectively reasonable for the state appellate court to reject Nunes's claim that the state trial court violated the Fourteenth Amendment when it denied his motion to strike his prior convictions at sentencing.

For the reasons set forth hereinafter, we affirm the decision of the district court.

## I.  FACTS

A review of the record reveals the following undisputed material facts.

A California state court jury found Nunes, the petitioner-appellant, guilty of petty theft with a prior conviction.[2] At trial, the jury heard testimony from numerous witnesses indicating that Nunes shoplifted $114.40 worth of tools from a Home Depot store. In particular, one Home Depot employee testified that he saw Nunes remove security tags from a tool set by unwrapping and hiding the tool set's packaging materials. Nunes then hid the unwrapped tools in his sweater and walked out of the store without triggering the security alarms.

---

[2]"Every person who, having been convicted of petty theft, grand theft, auto theft . . . , burglary, carjacking, [or] robbery, . . . and having served a term therefor in any penal institution or having been imprisoned therein as a condition of probation for that offense, is subsequently convicted of petty theft, then the person convicted of that subsequent offense is punishable by imprisonment in the county jail not exceeding one year, or in the state prison." Cal. Pen. Code § 666.

After the jury found Nunes guilty, the trial court sentenced him to a term of imprisonment of twenty-five years to life, under California's recidivist statute.[3] During sentencing, Nunes moved to strike several of his prior convictions pursuant to *People v. Sumstine*, 36 Cal. 3d 909, 918-19 (1984) (affording defendants in some circumstances the opportunity to collaterally attack a prior conviction that may be used to enhance a sentence imposed for a subsequent conviction). The trial court denied the motion.

Nunes brought a direct appeal to the Court of Appeal of the State of California. Nunes argued, *inter alia,* that his sentence amounted to cruel and unusual punishment in violation of the Eighth Amendment.

In assessing this claim, the state appellate court first noted that a "punishment may violate the constitution[ ] . . . if it is grossly disproportionate to the offense for which it is imposed." The court then proceeded to consider the constitutionality of the sentence in light of "the nature of the offense and/or the offender." The court remarked that the manner in which Nunes carried out his crime "suggests a degree of sophistication." Moreover, the court noted that Nunes "has repeatedly committed serious criminal conduct and numerous thefts, and, notwithstanding numerous stays in jail and prison over five decades, [the] defendant has never reformed his conduct." The court made this assessment after describing his criminal record as follows:

> [His] history includes prior misdemeanor theft convictions in 1967, 1976 and 1983. Defendant's exten-

---

[3]"If a defendant has two or more prior felony convictions . . . that have been pled and proved, the term for the current felony conviction shall be an indeterminate term of life imprisonment with a minimum term of . . . [i]mprisonment in the state prison for 25 years." Cal. Pen. Code § 667. There is no dispute on appeal as to the applicability of the recidivist statute.

sive history also includes not only a host of other misdemeanor convictions and felony theft convictions but numerous serious and violent felony convictions. In 1945, when defendant was 20 years old, he was convicted of rape. Less than two years later, he was convicted of burglary and theft. In 1965, defendant was convicted of first degree burglary. Defendant was convicted of robbery, first degree burglary and felony theft in 1968 and committed to state prison. He was paroled in 1971 and discharged from parole in 1974. However, apparently during his parole period, defendant was convicted of a misdemeanor count of receiving stolen property in 1972 and served time in county jail. In 1980, he was convicted of felony theft and granted probation. A 1982 offense led to a rape conviction for which defendant served a state prison commitment. He was released from prison without parole in 1992. In 1993, he was convicted of failing to register as a sex offender and sent to jail. It appears that he was released from jail in early 1994.

Additionally, the court clarified that "[w]hile it might appear that defendant was relatively law-abiding in the 1950's, his lawfulness was apparently due to his incarceration from 1954 to 1964 in Illinois for a conviction which was subsequently reversed."

In this recitation of Nunes's criminal history, the state appellate court included Nunes's convictions for rape in 1945, and burglary and theft in 1947, despite the fact that these convictions were documented in the pre-sentencing report in pen, rather than being typed like the rest of his prior offenses. Further, the pre-sentencing report indicated that Nunes only received a suspended sentence for his rape conviction in 1945. Additionally, with respect to the rape in 1982, Nunes only served approximately ten years, because after the case was

overturned on appeal, Nunes pleaded no contest on remand, and in 1992, was sentenced to time served.

Nevertheless, in light of Nunes's criminal history, the state appellate court ultimately concluded that it did "not believe that the life term imposed on [the] defendant was unconstitutionally disproportionate."

Nunes then filed a petition for review with the California Supreme Court, which the court denied. He subsequently filed a habeas petition, again with the California Supreme Court, in which he asserted two claims that he had not argued on direct review.

Specifically, Nunes first contended that the decision of the district attorney's office to charge him under the recidivist statute was a result of prosecutorial vindictiveness, and therefore was in violation of his right to due process.

The Santa Clara County district attorney's office prosecuted Nunes. In that office, "a strike committee" decides whether to charge an eligible defendant under the recidivist statute. Historically, the committee has charged a recidivist count against nearly half of all defendants eligible under the statute.

In making his claim that the strike committee decided to charge him out of vindictiveness, Nunes relied on several factors. The prosecutor in his case, one Thomas Hanford, was on the strike committee, and had previously been involved in several prosecutions of Nunes. In one such case, Hanford successfully prosecuted Nunes for raping a girl in 1982. Nunes appealed, and alleged that Hanford had engaged in prosecutorial misconduct. Nunes eventually won the appeal, although not on the basis of misconduct on the part of Hanford. Years after that rape prosecution, Hanford was able to remember the facts of the crime in great detail. Additionally, at one pont, Nunes brought a civil suit against both the rape victim and

Hanford. Further, when Hanford initially commenced the prosecution of the case resulting in the conviction that Nunes now seeks to have set aside, Hanford included on the charging documents several prior offenses that were not applicable under the recidivist statute. Finally, over the years, Hanford made several comments connoting animosity toward Nunes, including an expression of satisfaction in a newspaper article regarding the sentence that Nunes received in the present case.

Nunes's second claim in his state habeas petition was that when the state trial court denied his motion to strike his prior convictions at sentencing, it denied him a state-created liberty interest guaranteed by the Fourteenth Amendment. The California Supreme Court summarily denied his petition, without specifically discussing either claim in its order.

Nunes then filed a habeas petition with the United States District Court for the Eastern District of California. *Inter alia*, Nunes again argued: 1) that his sentence violated the Eighth Amendment; 2) that he was charged out of prosecutorial vindictiveness; and 3) that he was denied a state-created liberty interest guaranteed by the Fourteenth Amendment. The district court thereinafter adopted the recommendations of a magistrate judge and denied Nunes's petition. Nunes filed a timely notice of appeal.

## II.  STANDARD OF REVIEW

"A district court's decision to grant or to deny a petition for habeas corpus is reviewed de novo." *Clark v. Murphy*, 331 F.3d 1062, 1067 (9th Cir. 2003). With respect to "any claim that was adjudicated on the merits in State court proceedings," courts shall not grant a habeas application unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or
> involved an unreasonable application of, clearly

established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). "In order for a federal court to find a state court's application of [the Supreme Court's] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003). "The state court's application must have been 'objectively unreasonable.' " *Id.* at 520-21.

"[A] determination of a factual issue made by a State court shall be presumed to be correct." 28 U.S.C. § 2254(e)(1). It is the petitioner's "burden of rebutting the presumption of correctness by clear and convincing evidence." *Id.*

Where a state court decision provides no reasoned analysis of an issue, federal courts reviewing a habeas petition must perform an independent review of the record to ascertain whether the state court decision was objectively unreasonable in light of pertinent federal law. *Himes v. Thompson*, 336 F.3d 848, 853 (9th Cir. 2003).

## III. DISCUSSION

### A. The Eighth Amendment

Nunes first argues that his sentence of a term of imprisonment of twenty-five years to life violates the Eighth Amendment. Specifically, he contends that the state appellate court's ruling upholding his sentence was the result of "an unreasonable application of clearly established federal law." He argues that although the state appellate court generally considered whether his sentence was grossly disproportionate, it did not properly compare his sentence to: 1) the sentences that result

from convictions for different crimes in California; or 2) the sentences that result from convictions for the same crime in different jurisdictions.

With respect to Eighth Amendment jurisprudence, Nunes is correct that the Supreme Court has noted that proportionality analysis under the Eighth Amendment should be guided by objective criteria, including: "(i) the gravity of the offense and the harshness of the penalty; (ii) the sentences imposed on other criminals in the same jurisdiction; and (iii) the sentences imposed for commission of the same crime in other jurisdictions." *Solem v. Helm*, 463 U.S. 277, 292 (1983). Despite this, the Supreme Court has not uniformly applied this three step analysis. *See*, *e.g.*, *Harmelin v. Michigan*, 501 U.S. 957, 1005 (1991); *Rummel v. Estelle*, 445 U.S. 263, 285 (1980).

**[1]** In an attempt to resolve this inconsistency, the Supreme Court has explicitly identified that which constitutes "clearly established federal law" in its Eighth Amendment jurisprudence for the purpose of habeas review. Specifically, in *Lockyer v. Andrade*, 538 U.S. 63, 72 (2003), after conceding that its "precedents in this area have not been a model of clarity," the Court held that "one governing legal principle emerges as 'clearly established' under § 2254(d)(1): A gross disproportionality principle is applicable to sentences for terms of years." *Lockyer*, 538 U.S. at 72. In so holding, the Court made no mention of any constitutional imperative requiring that courts make the various intra- and inter-jurisdictional comparisons recommended by the *Solem* court. *See id.* Instead, the Supreme Court held that "the only relevant clearly established law amenable to the 'contrary to' or 'unreasonable application of' framework is the gross disproportionality principle, the precise contours of which are unclear, applicable only in the 'exceedingly rare' and 'extreme' case." *Id.* at 73.

**[2]** In so holding, the Supreme Court was considering a state court ruling that was decided within months of the last state court decision that considered Nunes's Eighth Amend-

ment claim in the present case. *See id.* at 68. As such, at the time the state appellate court upheld Nunes's sentence, the one governing principle of federal law that was clearly established is that a sentence cannot be grossly disproportional to the defendant's circumstances. *See id.* at 72.

We conclude that in rejecting Nunes's appeal, the state appellate court reasonably applied this principle. This conclusion is evident when one compares the facts of this case with the facts of other cases in which courts have applied this principle. For example, in *Lockyer v. Andrade*, a petitioner for a writ of habeas corpus had a criminal history that included convictions for misdemeanor theft, first degree residential burglary, transportation of marijuana, petty theft, and escape. *Id.* at 66-67. He was charged with two counts of petty theft with a prior conviction. *See id.* at 68. The trial court sentenced him to two consecutive terms of imprisonment of twenty-five years to life, under the same recidivist statute at issue in the present case. *Id.* at 66. Assessing whether the California Court of Appeal unreasonably applied clearly established law in affirming the petitioner's sentence, the Supreme Court concluded simply that "the governing legal principle gives legislatures broad discretion to fashion a sentence that fits within the scope of the proportionality principle-the 'precise contours' of which 'are unclear.' " *Id.* at 76 (quoting *Harmelin*, 501 U.S. at 998 (Kennedy, J., concurring)). As such, "it was not objectively unreasonable for the California Court of Appeal to conclude that these 'contours' permitted an affirmance of [the petitioner's] sentence." *Lockyer*, 538 U.S. at 76.

**[3]** By way of comparison, Nunes's career as a criminal has been longer, more prolific, and more violent, than the petitioner's in *Lockyer*. Further, Nunes was charged in this case with one count of the same underlying offense as the petitioner in *Lockyer*, petty theft with a prior conviction. *See id.* at 68. And yet, Nunes's sentence, twenty-five years to life, was less harsh than the sentence of the petitioner in *Lockyer*, who received two consecutive sentences of twenty-five years

to life. *See id.* at 66. In light of this comparison, we conclude that the California Court of Appeal was not objectively unreasonable when it determined that Nunes's sentence did not offend the Constitution.

Nunes next argues that he is entitled to habeas relief because when assessing his criminal history, the state appellate court relied on an unreasonable determination of the facts. Specifically, he contends that his conviction should be set aside because when the state appellate court upheld his sentence, "it failed to recognize that the majority of the convictions it considered were invalid or their seriousness was overstated."

[4] We disagree. When reviewing a petition for a writ of habeas corpus, "a determination of a factual issue made by a State court shall be presumed to be correct." 28 U.S.C. § 2254(e)(1). Moreover, it is the petitioner's "burden of rebutting the presumption of correctness by clear and convincing evidence." *Id.*

[5] Nunes does little to overcome this burden. He does not contend that he was not convicted of the crimes that the state appellate court attributed to him in its opinion. Nor does he argue that he is actually innocent of any of the underlying crimes. Rather, he suggests that his convictions for rape in 1945, and burglary and theft in 1947, should be ignored because they were documented in the pre-sentencing report in pen, rather than typeface. Likewise, he speculates that his rape conviction in 1945 must not have been for forcible rape, because the court imposed a light sentence. Further, he contends that his convictions in 1968 for robbery, burglary, and theft cannot all be considered as separate convictions because under California law a defendant cannot be punished for multiple convictions that result from the same underlying conduct.[4]

---

[4]"An act or omission that is punishable in different ways by different provisions of law shall be punished under the provision that provides for the longest potential term of imprisonment, but in no case shall the act or omission be punished under more than one provision." Cal. Pen. Code § 654(a).

Finally, he attributes his pleading no contest to the 1982 rape charge to his desire to avoid putting the victim through the trauma of a trial. Notably, he makes no attempt to undermine his convictions for burglary in 1965, robbery in 1968, theft in 1967, 1972, 1976, and 1983, grand theft in 1980, or failure to register as a sex offender in 1993.

To the extent that any of Nunes's assertions can be considered evidence, collectively they do not rise to the heightened level of the "clear and convincing evidence" necessary to overcome the presumption that the state appellate court's ruling was correct. *See* 28 U.S.C. § 2254(e)(1).

**[6]** Further, even if we credit Nunes's attempts to minimize his criminal history, he is still left with an extensive felony record. As such, assuming *arguendo* that Nunes met his burden to show that the state appellate court overstated his criminal record, that court's general assessment of Nunes's claim still holds true. Specifically, Nunes "has repeatedly committed serious criminal conduct and numerous thefts, and, notwithstanding numerous stays in jail and prison over five decades, [the] defendant has never reformed his conduct, . . . [, and o]n this basis we do not believe that the life term imposed on [the] defendant was unconstitutionally disproportionate." As such, Nunes is not entitled to habeas relief on the ground that the state appellate court's ruling was based on an unreasonable determination of the facts.

## B. Prosecutorial Vindictiveness

Nunes next argues that his "due process rights were violated by [the] denial of his motion to recuse Prosecutor Hanford, and by vindictive prosecution." Specifically, he contends that he can establish that Hanford prosecuted him out of vindictiveness, or that the court can presume vindictiveness, in light of the following: 1) Hanford has been involved in several prosecutions against Nunes; 2) Hanford's reputation was damaged when Nunes prevailed in the appeal of the 1982 rape

conviction; 3) Hanford could recall the facts of the 1982 rape and the accompanying trial in great detail; 4) Nunes alleged prosecutorial misconduct against Hanford in his appeal of the rape conviction; 5) Hanford has made several comments connoting animosity toward Nunes; and 6) Hanford overcharged Nunes in the prosecution of the conviction that Nunes seeks to have set aside. Nunes argues that this animosity caused the district attorney's office to charge him under the recidivist statute, which lead to a longer sentence, thereby prejudicing Nunes.

"In our system, so long as the prosecutor has probable cause to believe that the accused committed an offense defined by statute, the decision whether or not to prosecute, and what charge to file . . . generally rests entirely in his discretion." *Bordenkircher v. Hayes*, 434 U.S. 357, 364 (1978). " '[T]he conscious exercise of some selectivity in enforcement is not in itself a federal constitutional violation' so long as 'the selection was not deliberately based upon an unjustifiable standard such as race, religion, or other arbitrary classification.' " *Id.* (quoting *Oyler v. Boles*, 368 U.S. 448, 456 (1962)) (alteration in the original).

A prosecutor's discretion is not without limitations, however. While the Supreme Court demands "exceptionally clear proof" before inferring an abuse of prosecutorial discretion, *McCleskey v. Kemp*, 481 U.S. 279, 297 (1987), the Court does prohibit punishing "a person because he has done what the law plainly allows him to do." *United States v. Goodwin*, 457 U.S. 368, 372 (1982) (internal quotation marks and citation omitted). For example, a "prosecutor violates due process when he seeks additional charges solely to punish a defendant for exercising a constitutional or statutory right." *United States v. Hernandez-Herrera*, 273 F.3d 1213, 1217 (9th Cir. 2001) (citation omitted).[5]

_____

[5]Although lower federal court and state court precedent is not controlling in habeas actions, *see* 28 U.S.C. § 2254(d)(1), it "may be relevant

Nevertheless, "[o]rdinarily, [courts] presume that public officials have properly discharged their official duties." *Banks v. Dretke*, 540 U.S. 668, 696 (2004) (citations omitted). As such, where a defendant contends that a prosecutor made a charging decision in violation of the Constitution, the defendant's "standard [of proof] is a demanding one." *United States v. Armstrong*, 517 U.S. 456, 463 (1996).

**[7]** "To establish a prima facie case of prosecutorial vindictiveness, a defendant must show either direct evidence of actual vindictiveness or facts that warrant an appearance of such." *United States v. Montoya*, 45 F.3d 1286, 1299 (9th Cir. 1995) (internal quotation marks and citation omitted); *see Goodwin*, 457 U.S. at 380 n.12 (suggesting that "a defendant might prove through objective evidence an improper prosecutorial motive" in order to establish a prosecutorial vindictiveness claim); *Blackledge v. Perry*, 417 U.S. 21, 27-29 (1974) (holding that vindictiveness could be presumed where prosecutors brought additional charges after a defendant appealed his conviction). If the defendant provides "[e]vidence indicating a realistic or reasonable likelihood of vindictiveness" this "give[s] rise to a presumption of vindictiveness on the government's part." *United States v. Garza-Juarez*, 992 F.2d 896, 906 (9th Cir. 1993) (citation omitted); *see Blackledge*, 417 U.S. at 27.

The burden then shifts to the prosecution to show that " 'independent reasons or intervening circumstances dispel the appearance of vindictiveness and justify its decisions.' " *Montoya*, 45 F.3d at 1299 (quoting *United States v. Hooton*, 662 F.2d 628, 633 (9th Cir. 1981)); *see Goodwin*, 457 U.S. at 374 (suggesting that a presumption of vindictiveness "may be

when that precedent illuminates the application of clearly established federal law as determined by the United States Supreme Court." *Casey v. Moore*, 386 F.3d 896, 907 (9th Cir. 2004). We believe that this circuit's precedent is particularly illuminating with respect to the Supreme Court's prosecutorial vindictiveness jurisprudence.

overcome only by objective information in the record justifying" an official's conduct).

In rejecting Nunes's state habeas petition, the California Supreme Court's decision provided no reasoned analysis of Nunes's prosecutorial vindictiveness claim. As such, we must perform an independent review of the record to ascertain whether that decision was objectively unreasonable in light of relevant federal law. *Himes*, 336 F.3d at 853.

**[8]** We conclude that it was not objectively unreasonable for the California Supreme Court to reject Nunes's claim. Arguably, there is some evidence that Hanford bore genuine animus toward Nunes, most notably the newspaper article in which Hanford expresses his satisfaction in succeeding in the prosecution that Nunes now attacks. Further, the fact that Hanford was part of the committee that decided to charge Nunes under the recidivist statute suggests that the charging decision could have been borne of Hanford's alleged animus. But given that the Supreme Court has repeatedly noted that charging decisions generally rest entirely within the prosecutor's discretion, *e.g. Bordenkircher*, 434 U.S. at 364, that the exercise of that discretion is presumed to be lawful, *Banks*, 540 U.S. at 696, and that this presumption can only be overcome with exceptionally clear proof, *McCleskey*, 481 U.S. at 297, it was not objectively unreasonable for the California Supreme Court to conclude that Nunes failed to meet his burden to establish actual animus on the part of prosecutors.

**[9]** Nunes's invitation to presume vindictiveness is also unavailing. As the district court noted, Nunes cites no authority for the proposition that a court can presume vindictiveness in a pretrial charging decision based on events that occurred in a previous and distinct proceeding. To the contrary, the Supreme Court has noted that courts should rarely apply a presumption of vindictiveness to a prosecutor's pretrial decisions because a "prosecutor should remain free before trial to exercise [that] broad discretion entrusted to him to determine

the extent of the societal interest in prosecution." *Goodwin*, 457 U.S. at 382. Because Nunes's novel argument is not "clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d), it is not a proper basis for granting habeas relief, and accordingly we cannot conclude that it was objectively unreasonable for the California Supreme Court to reject this argument.

**[10]** Moreover, assuming *arguendo* that a court could reasonably presume vindictiveness in this case, Nunes would still not be entitled to relief, because it would be objectively reasonable for a court to also conclude that the government met its counter-burden of justifying the charging decision. First, as previously discussed, Nunes has an extensive and violent criminal history. Second, prosecutors seek a recidivist sentence in nearly half of all cases involving defendants that qualified under the recidivist statute. In light of Nunes's criminal history and prosecutors' routine use of the recidivist statute, if the California Supreme Court presumed that this case was borne of prosecutorial vindictiveness, the court could have still reasonably concluded that the government met its counter-burden to justify the charging decision. As such, Nunes is not entitled to habeas relief on this basis.

## C.   California's *Sumstine* Doctrine

Finally, Nunes argues that when the trial court denied his motion to strike his prior convictions, it violated the Fourteenth Amendment because "California law clearly forbids the use of a prior conviction obtained in violation of a defendant's . . . rights . . . to enhance a sentence." In support of this proposition, Nunes cites *People v. Sumstine*, 36 Cal. 3d 909, 918-19 (1984) (affording defendants in some circumstances the opportunity to collaterally attack a prior conviction that may be used to enhance a sentence imposed for a subsequent conviction). Nunes contends that this right to attack his prior convictions is "a state-created liberty interest which is guaranteed under the Fourteenth Amendment," and as such, he

claims that he is entitled to habeas relief because the state trial judge violated his constitutional rights.

**[11]** We disagree. First, the United States Supreme Court has never recognized California's *Sumstine* doctrine as creating a liberty interest that is protected by the Fourteenth Amendment. As such, the California Supreme Court's summary rejection of this notion cannot be "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1).

**[12]** Second, independent of the *Sumstine* doctrine, there is no federal constitutional right to attack a prior state conviction, "once a conviction is no longer open to direct or collateral attack in its own right." *Lackawanna County Dist. Atty. v. Coss*, 532 U.S. 394, 403 (2001). "If that conviction is later used to enhance a criminal sentence, the defendant generally may not challenge the enhanced sentence through a petition under § 2254 on the ground that the prior conviction was unconstitutionally obtained." *Id.* at 403-04.

**[13]** Third, in federal court, there is no right to bring a habeas petition on the basis of a violation of state law. *See* 28 U.S.C. § 2554(a). To the contrary, federal courts may entertain an individual's habeas petition "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." *Id.*

**[14]** Accordingly, the state trial court's denial of Nunes's motion to strike his prior convictions is not a proper basis upon which to grant Nunes habeas relief.

**AFFIRMED.**