Lewis JENKINS, Petitioner–Appellant,

v.

Steven J. CAMBRA, Jr., Warden; David L. Runnels, Respondents–Appellees.

No. 06–16034.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 11, 2007.

Filed June 27, 2007.

Alexander Paul Green, Esq., Law Office of Alex Green, Berkeley, CA, for Petitioner–Appellant.

David H. Rose, Esq., AGCA—Office of the California Attorney General, Oakland, CA, for Respondents–Appellees.

Before: SCHROEDER, Chief Judge, CANBY, and FERNANDEZ, Circuit Judges.

## MEMORANDUM*

Lewis Jenkins appeals from the district court's denial of his habeas corpus petition. 28 U.S.C. § 2254. We affirm.

(1) Given the standards that we must follow,[1] we cannot hold that the California courts improperly rejected Jenkins' ineffective assistance of counsel claim. *See Bell v. Cone,* 535 U.S. 685, 698–99, 122 S.Ct. 1843, 1852, 152 L.Ed.2d 914 (2002); *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). First, in light of what he told and did not tell his counsel,[2] and in light of the double deference we owe in this area,[3] we are unable to say that the California courts unreasonably determined that counsel was not ineffective. Second, even if counsel were deficient, the State Court of Appeal did not unreasonably rule when it determined that, due in part to Jenkins' weak showing of mitigation,[4] especially as it related to this crime, he suffered no prejudice.[5]

(2) Nor can we say that Jenkins' sentencing under California's Three Strikes Law [6] violated the Eighth Amendment to the United States Constitution. Given the confluence of Jenkins' extensive and serious criminal history and the seriousness of the offense in question here, we cannot say that this is one of those exceedingly rare instances where the sentence has run afoul of Eighth Amendment law as clearly established by the United States Supreme Court. *See Lockyer v. Andrade,* 538 U.S. 63, 72–77, 123 S.Ct. 1166, 1173–75, 155 L.Ed.2d 144 (2003); *Ewing v. California,* 538 U.S. 11, 28–31, 123 S.Ct. 1179, 1189–90, 155 L.Ed.2d 108 (2003); *Rummel v. Estelle,* 445 U.S. 263, 272, 100 S.Ct. 1133,

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. 28 U.S.C. § 2254(d); *Wiggins v. Smith,* 539 U.S. 510, 520, 123 S.Ct. 2527, 2534–35, 156 L.Ed.2d 471 (2003).

2. *Strickland,* 466 U.S. at 691, 104 S.Ct. at 2066.

3. *Yarborough v. Gentry,* 540 U.S. 1, 6, 11, 124 S.Ct. 1, 4, 7, 157 L.Ed.2d 1 (2003) (per curiam).

4. *See Schriro v. Landrigan,* 550 U.S. ——, 127 S.Ct. 1933, 1943–44, 167 L.Ed.2d 836 (2007).

5. *See Strickland,* 466 U.S. at 694, 104 S.Ct. at 2068.

6. Cal.Penal Code § 667(b)–(i).

1138, 63 L.Ed.2d 382 (1980); *Nunes v. Ramirez–Palmer,* 485 F.3d 432, 438–40 (9th Cir.2007).

AFFIRMED.