**John A. LANGSTER, Petitioner– Appellant,**

v.

**David L. RUNNELS, Warden, Respondent–Appellee.**

No. 05–16870.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 11, 2007.

Filed June 28, 2007.

Jonathan D. Soglin, Esq., First District Appellate Project, San Francisco, CA, for Petitioner–Appellant.

John A. Langster, Crescent City, CA, pro se.

Ross C. Moody, Esq., AGCA—Office of the California Attorney General, Oakland, CA, for Respondent–Appellee.

Before: SCHROEDER, Chief Judge, CANBY, and FERNANDEZ, Circuit Judges.

## MEMORANDUM *

John A. Langster appeals from the district court's denial of his habeas corpus petition. 28 U.S.C. § 2254. We affirm.

(1) Given the standards that we must follow,[1] we cannot hold that the California courts improperly rejected Langster's claims that the evidence was insufficient to permit a rational juror to find him guilty[2] of felony false imprisonment by the use of menace as that crime is defined in California.[3]

(2) Nor can we say that Langster's sentencing under California's Three Strikes Law[4] violated the Eighth Amendment to the United States Constitution. Given the confluence of Langster's extensive and serious criminal history and the seriousness of the offense in question here, we cannot say that this is one of those exceedingly rare instances where the sentence has run afoul of Eighth Amendment law as clearly established by the United States Supreme Court. *See Lockyer v. Andrade,* 538 U.S. 63, 72–77, 123 S.Ct. 1166, 1173–75, 155 L.Ed.2d 144 (2003); *Ewing v. California,* 538 U.S. 11, 28–31, 123 S.Ct. 1179, 1189–90, 155 L.Ed.2d 108 (2003); *Rummel v. Estelle,* 445 U.S. 263, 272, 100 S.Ct. 1133, 1138, 63 L.Ed.2d 382 (1980); *Nunes v.*

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. 28 U.S.C. § 2254(d); *Wiggins v. Smith,* 539 U.S. 510, 520, 123 S.Ct. 2527, 2534–35, 156 L.Ed.2d 471 (2003).

2. *See Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979).

3. *See* Cal.Penal Code §§ 236–237; *People v. Raley,* 2 Cal.4th 870, 907–08, 830 P.2d 712, 736, 8 Cal.Rptr.2d 678, 702, (1992); *People v.*

*Ramirez–Palmer,* 485 F.3d 432, 438–40 (9th Cir.2007).

AFFIRMED.

---

*Reed,* 78 Cal.App.4th 274, 280–81, 92 Cal. Rptr.2d 781, 785–86 (2000); *People v. Bamba,* 58 Cal.App.4th 1113, 1118, 1123–24, 68 Cal. Rptr.2d 450, 452–53, 456 (1997); *People v. Babich,* 14 Cal.App. 4th 801, 804, 806–07, 18 Cal.Rptr.2d 60, 63 (1993); *see also People v. Castro,* 138 Cal.App.4th 137, 143–44, 41 Cal. Rptr.3d 190, 194–95 (2006).

