**Kurt B. WILLIAMS, Petitioner— Appellant,**

v.

**Dora B. SCHRIRO;  Arizona Attorney General, Respondents—Appellees.**

**Kurt B. Williams, Petitioner— Appellant,**

v.

**Dora B. Schriro;  Arizona Attorney General, Respondents— Appellees.**

Nos. 07–16537, 08–15864.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 6, 2009.*

Filed Nov. 5, 2009.

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed.

R.App. P. 34(a)(2).

Kurt B. Williams, Florence, AZ, pro se.

Gail Gianasi Natale, Esquire, Law Office of Gail Gianasi Natale, Phoenix, AZ, for Petitioner–Appellant.

Nicholas D. Acedo, Esquire, Assistant Attorney General, Arizona Attorney General's Office, Phoenix, AZ, for Respondent–Appellee.

Before: FERNANDEZ and THOMAS, Circuit Judges, and ALDRICH,** District Judge.

### MEMORANDUM***

Kurt B. Williams appeals the district court's denial of his petition for a writ of habeas corpus. *See* 28 U.S.C. § 2254. We affirm.

■ (1) Williams contends that the prosecutor's plea bargaining position—including a plea offer acceptance deadline—and ancillary actions violated his constitutional rights and deprived him of effective assistance of counsel as a matter of "clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1); *see also Lockyer v. Andrade*, 538 U.S. 63, 71–76,

---

** The Honorable Ann Aldrich, Senior United States District Judge for the Northern District of Ohio, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

123 S.Ct. 1166, 1172–75, 155 L.Ed.2d 144 (2003); *Williams v. Taylor,* 529 U.S. 362, 412–13, 120 S.Ct. 1495, 1523, 146 L.Ed.2d 389 (2000); *Moses v. Payne,* 555 F.3d 742, 754 (9th Cir.2009). We disagree. In the first place, no clearly established Supreme Court law indicates that Williams has a general constitutional right to discovery,[1] or to a plea bargain,[2] or that a prosecutor is required to facilitate his consideration of the prosecution's plea bargaining positions or offers,[3] or that a prosecutor cannot take a harsh or unpleasant position, including revocation of the plea offer.[4] Beyond that, the record shows that the prosecutor did, indeed, give a good deal of information to defense counsel. In short, the prosecutor's plea bargaining actions and inactions did not violate clearly established Supreme Court law.[5]

■ But, says Williams, the prosecutor's position somehow denied him effective assistance of counsel because, as a matter of clearly established Supreme Court law, it was highly unlikely that any lawyer would provide effective assistance of counsel to his client under the circumstances. *See United States v. Cronic,* 466 U.S. 648, 658, 104 S.Ct. 2039, 2046, 80 L.Ed.2d 657 (1984). We disagree. What Williams overlooks is the fact that counsel had time to investigate and to counsel him on his choices. *See id.* at 649, 666–67, 104 S.Ct. at 2041, 2051; *see also Wright v. Van Patten,* 552 U.S. 120, 124–25, 128 S.Ct. 743, 746, 169 L.Ed.2d 583 (2008) (per curiam)

(holding that no clearly established Supreme Court law indicated that an appearance of counsel by telephone at a plea hearing made it unlikely that counsel could be effective). Defense counsel's comfort level does not define the prosecutor's obligations.

Williams does not assert any particular instance in which counsel *was* ineffective and, thus, does not actually attempt to meet the general standard for claims of ineffective assistance of counsel. *See Strickland v. Washington,* 466 U.S. 668, 687–88, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984).[6]

In short, the state courts did not violate clearly established Supreme Court law when they found no violation of a constitutional right, despite Williams' claim that he should have had further time to consider a plea offer (maybe even to accept it) rather than having to go to trial for his crime. *See Weatherford,* 429 U.S. at 561, 97 S.Ct. at 846 (noting the novelty of an argument "that constitutional rights are infringed by trying the defendant rather than accepting his plea of guilty.").

■ (2) Williams also asserts that the district court erred when it did not permit him to amend his habeas corpus petition to allege prosecutorial vindictiveness. The district court denied the motion to amend on the basis that the proposed amendment would be futile. *See Bonin v. Calderon,* 59 F.3d 815, 845 (9th Cir.1995). We agree

---

1. *See Weatherford v. Bursey,* 429 U.S. 545, 559, 97 S.Ct. 837, 846, 51 L.Ed.2d 30 (1977).

2. *Id.* at 560–61, 97 S.Ct. at 846.

3. *United States v. Ruiz,* 536 U.S. 622, 629–31, 122 S.Ct. 2450, 2455–56, 153 L.Ed.2d 586 (2002). A defendant is not required to have "complete knowledge of the relevant circumstances" in order to plead. *Id.* at 630, 122 S.Ct. at 2456.

4. *See Bordenkircher v. Hayes,* 434 U.S. 357, 363–64, 98 S.Ct. 663, 667–68, 54 L.Ed.2d 604 (1978).

5. Similarly, the state trial court did not violate clearly established Supreme Court law when it did not order the prosecutor to keep a plea offer open.

6. The one possible claim suggesting an instance of ineffective assistance—statements by counsel at the plea hearing—has been waived on appeal.

with Williams that the district court's given reason—his failure to plead the very language of 28 U.S.C. § 2254(d) rendered his pro se claim futile—was incorrect. *See Mayle v. Felix,* 545 U.S. 644, 649, 125 S.Ct. 2562, 2566, 162 L.Ed.2d 582 (2005); *Woods v. Carey,* 525 F.3d 886, 889–90 (9th Cir. 2008). However, we can affirm on any ground supported by the record,[7] and on this record it is pellucid that Williams' claim of prosecutorial vindictiveness was futile. *See Nunes v. Ramirez–Palmer,* 485 F.3d 432, 441–42 (9th Cir.2007) (setting out the burdens for prosecutorial vindictiveness claims). Moreover, Williams did not spell out any persuasive justification for his untimely attempt to amend. *See Bonin,* 59 F.3d at 845.

AFFIRMED.

---

**7.** *Yee v. Duncan,* 463 F.3d 893, 897 (9th Cir. 2006).

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.