FILED

DEC 28 2009

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 08-10332 |
| Plaintiff - Appellee, | D.C. No. 4:99-cr-00759-JMR-HCE-34 |
| v. | |
| RUBEN ULTRERAS, | MEMORANDUM [*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
John M. Roll, Chief District Judge, Presiding

Argued and Submitted November 3, 2009
San Francisco, California

Before: HAWKINS and THOMAS, Circuit Judges, and TRAGER, [**] District Judge.

Ruben Ultreras ("Ultreras") appeals his conviction arising from a cocaine

trafficking conspiracy, arguing error in the denial of his motion to sever, vindictive

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The Honorable David G. Trager, Senior United States District Judge
for the Eastern District of New York, sitting by designation.

prosecution in violation of his due process rights, and improper application of a two-level sentencing enhancement. We affirm.

## A. Denial of Severance Motion

A district court's denial of a motion for severance is reviewed for an abuse of discretion. *United States v. Decoud*, 456 F.3d 996, 1008 (9th Cir. 2006). "The test for abuse of discretion by the district court is whether a joint trial was so manifestly prejudicial as to require the trial judge to exercise his discretion in but one way, by ordering a separate trial." *Id.* (internal quotation marks omitted).

The government argues Ultreras waived his severance claim when he failed to renew it at the close of evidence. We need not decide the waiver issue because even if Ultreras preserved his severance claim, the denial of severance was not an abuse of discretion.

The witnesses called at the joint trial of Ultreras and his co-defendant, Francisco Valle-Hurtado ("Valle-Hurtado"), were relevant to the conspiracy charge Ultreras would have faced in an individual trial, and the trial judge issued appropriate limiting instructions to the jury to prevent "spillover." There is no indication the jury was unable to separately evaluate the cases against Ultreras and Valle-Hurtado. The Ninth Circuit Model Jury Instructions regarding individualized findings were given

2

at the opening and conclusion of trial, and the vast majority of the evidence the prosecutor presented went to the trafficking conspiracy.

## B. Vindictive Prosecution

Ultreras also challenges the government's "cumulative conduct," contending the exercise of prosecutorial discretion resulted in a "vindictive," "fundamentally unfair" prosecution violative of his due process rights.

While the standard of review for vindictive prosecution remains somewhat unsettled, *see United States v. Hernandez-Herrera*, 273 F.3d 1213, 1217 (9th Cir. 2001); *United States v. Frega*, 179 F.3d 793, 801 (9th Cir. 1999), Ultreras's vindictiveness claim fails regardless of the standard applied, and we need not determine the appropriate standard of review. *See United States v. Lopez*, 474 F.3d 1208, 1211 n.2 (9th Cir. 2007) (declining to decide); *Hernandez-Herrera*, 273 F.3d at 1217 (same); *United States v. Gamez-Orduño*, 235 F.3d 453, 462 n.9 (9th Cir. 2000) (same); *Frega*, 179 F.3d at 801 (same).

To show that the government violated his "right to due process of law" by punishing him for "exercising a protected statutory or constitutional right," *United States v. Jenkins*, 504 F.3d 694, 699 (9th Cir. 2007), Ultreras must point to "[e]vidence indicating a realistic or reasonable likelihood of vindictiveness," which

then "give[s] rise to a presumption of vindictiveness on the government's part." *United States v. Garza-Juarez*, 992 F.2d 896, 906 (9th Cir. 1993) (citation omitted).

Ultreras provides no "direct evidence of the prosecutor's punitive motivation towards" him. *See Jenkins*, 504 F.3d at 699; *cf. Nunes v. Ramirez-Palmer*, 485 F.3d 432, 437, 442 (9th Cir. 2007) (prosecutor's allegedly punitive statements in the newspaper indicating happiness with the defendant's sentence was some evidence of genuine animus). Rather, he either infers vindictiveness from the prosecution's decision to reach a sentencing agreement with Valle-Hurtado, or implies the prosecution never intended Valle-Hurtado to be sentenced for the firearm charge in the first place. However, Ultreras fails to point to evidence which would establish this purported strategy, and alleging the government may have changed its mind about the appropriate punishment for *Valle-Hurtado*, is not grounds to find a due process violation for *Ultreras*. *See United States v. Gastelum-Almeida*, 298 F.3d 1167, 1173 (9th Cir. 2002) ("[V]indictiveness will not be presumed simply from the fact that a more severe charge followed on, or even resulted from, the defendant's exercise of a right." (internal quotation marks omitted)).

## C. Sentencing Enhancement

Ultreras challenges the application of a two-level specific offense characteristic for possession of a firearm in furtherance of the conspiracy.

4

Although Ultreras and Valle-Hurtado may never have met, "[c]o-conspirators are jointly liable for the acts of any conspirator done in furtherance of the conspiracy." *United States v. Hegwood*, 977 F.2d 492, 498 (9th Cir. 1992) (citing *Pinkerton v. United States*, 328 U.S. 640, 646-47 (1946)). Thus, we have found a defendant need not have actual knowledge of a co-conspirator's possession of a firearm as long as the possession was reasonably foreseeable. *United States v. Garcia*, 909 F.2d 1346, 1349-50 (9th Cir. 1990).

The Sentencing Guidelines' application notes explain, "[t]he [firearms] adjustment should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense." USSG § 2D1.1, comment. (n.3). Here, Ultreras's co-conspirator was found guilty of using an automatic AK-47 to guard large quantities of cocaine. Possession of the weapon was probable and foreseeable, given that Ultreras's organization trafficked in large amounts of cocaine and routinely guarded such shipments with automatic weapons.

In imposing a sentence within the Sentencing Guidelines the district court committed neither procedural nor substantive error. *See United States v. Carty*, 520 F.3d 984, 993 (9th Cir. 2008) (en banc). By a preponderance of the evidence, *see United States v. Pike*, 473 F.3d 1053, 1057 (9th Cir. 2007); *United States v. Riley*, 335 F.3d 919, 927 (9th Cir. 2003), the government demonstrated a co-conspirator used a

5

weapon in furtherance of the conspiracy, and the district court did not abuse its discretion in applying the Guidelines to these facts. *See United States v. Ortiz*, 362 F.3d 1274, 1275 (9th Cir. 2004) (two findings required under § 1B1.3(a)(1)(B))

**AFFIRMED.**