FILED

OCT 27 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RAYMOND THOMAS PARHAM, | No. 09-15282 |
| Petitioner - Appellant, | D.C. No. 2:06-cv-02624-GEB |
| v. | |
| KATHY MENDOZA-POWERS, Warden; ATTORNEY GENERAL OF THE STATE OF CALIFORNIA, | MEMORANDUM[*] |
| Respondents - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Garland E. Burrell, District Judge, Presiding

Submitted October 19, 2010[**]

Before:    O'SCANNLAIN, TALLMAN, and BEA, Circuit Judges.

California state prisoner Raymond Thomas Parham appeals pro se from the

district court's judgment denying his 28 U.S.C. § 2254 habeas petition. We have

jurisdiction under 28 U.S.C. § 2253, and we affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

Parham contends that the trial court erred when it failed to instruct the jury sua sponte on the lesser included offense of simple assault. After an independent review of the record, we conclude that the state court's decision denying this claim was not objectively unreasonable because the Supreme Court has not clearly established that due process requires giving a lesser included offense in a non-capital case, and the defendant did not request the instruction because it was not part of his theory of defense. *See Nunes v. Ramirez-Palmer*, 485 F.3d 432, 442 (9th Cir. 2007) (in the absence of a reasoned state court decision, this court must perform an independent review of the record to determine whether a decision was objectively unreasonable in light of relevant federal law); *see also Bashor v. Risley*, 730 F.2d 1228, 1240 (9th Cir. 1984) (failure of a state court to instruct on a lesser offense fails to present a federal constitutional question and will not be considered in a federal habeas corpus proceeding, but a defendant is entitled to an instruction on his theory of defense).

Parham also contends that there was constitutionally insufficient evidence to support a conviction for assault with the intent to commit rape. The state court's decision rejecting this claim was not contrary to, and did not involve an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States. *See* 28 U.S.C. § 2254(d)(1); *see also Jackson*

2

*v. Virginia*, 443 U.S. 307, 324 (1979) (to prevail on an insufficiency of evidence claim, a habeas petitioner must show that "no rational trier of fact could have found proof of guilt beyond a reasonable doubt").

Finally, Parham contends that the trial court erred by imposing an upper term sentence based on facts that were not proven to a jury beyond a reasonable doubt. Although the state court's decision was contrary to clearly established Supreme Court precedent, *see Cunningham v. California*, 549 U.S. 270, 288-93 (2007)*,* the error was harmless because we do not have a "grave doubt" as to whether the jury would have found, beyond a reasonable doubt, that Parham had numerous prior convictions apart from the one used to enhance his sentence by one year. *See Butler v. Curry*, 528 F.3d 624, 643, 648-49 (9th Cir. 2008) (this court can only grant relief if there is a "grave doubt" as to whether a jury would have found the relevant aggravating factors beyond a reasonable doubt).

To the extent that Parham raises new issues for the first time in his reply brief, we decline to consider them. *See Eberle v. City of Anaheim*, 901 F.2d 814, 818 (9th Cir. 1990).

**AFFIRMED**.