**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MICHAEL E. SPREADBURY,

              Plaintiff - Appellant,

    v.

CHRIS HOFFMAN; et al.,

              Defendants - Appellees.

No. 10-36086

D.C. No. 9:10-cv-00049-DWM

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Montana
Donald W. Molloy, District Judge, Presiding

Submitted December 19, 2011[**]

Before:     GOODWIN, WALLACE, and McKEOWN, Circuit Judges.

    Michael E. Spreadbury appeals pro se from the district court's judgment

dismissing his 42 U.S.C. § 1983 action alleging federal and state law claims arising

from his prosecution for misdemeanor criminal assault related to an ongoing

dispute with two neighbors. We have jurisdiction under 28 U.S.C. § 1291. We

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

review de novo a dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii), *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (order), and we affirm.

The district court properly dismissed Spreadbury's § 1983 damages claims against the prosecutors and intern involved in his prosecution, and the judge who presided over his trial, based on prosecutorial immunity, prosecutorial discretion, and judicial immunity. *See Imbler v. Pachtman*, 424 U.S. 409, 430 (1976) (prosecutors absolutely immune for conduct "intimately associated" with the judicial phase of the criminal process); *Nunes v. Ramirez-Palmer*, 485 F.3d 432, 441 (9th Cir. 2007) (prosecutors allowed some selectivity in prosecutions); *Simmons v. Sacramento Cnty Superior Court*, 318 F.3d 1156, 1161 (9th Cir. 2003) (judges absolutely immune for their judicial acts).

The district court properly dismissed Spreadbury's § 1983 injunctive relief claims against prosecutors for ongoing or imminent prosecutions due to abstention under *Younger v. Harris*, 401 U.S. 37 (1971). *See Gilbertson v. Albright*, 381 F.3d 965, 968, 973 (9th Cir. 2004) (en banc) (federal courts should abstain if granting injunctive relief would interfere with pending state judicial proceedings).

The district court properly dismissed Spreadbury's equal protection claims because he failed to allege that defendants treated him differently from others who were similarly situated without a rational basis, *see N. Pacifica LLC v. City of*

*Pacifica*, 526 F.3d 478, 486 (9th Cir. 2008), or intentionally discriminated against him based on his membership in a protected class, *see Thornton v. City of St. Helens*, 425 F.3d 1158, 1166 (9th Cir. 2005).

The district court properly dismissed Spreadbury's First Amendment claims because defendants' failure to record all of Spreadbury's pre-arrest statements did not abridge his free speech, and their failure to file his recall petition did not render his state court remedies ineffective. *See* U.S. CONST. amend I; *Delew v. Wagner*, 143 F.3d 1219, 1222-23 (9th Cir. 1998) (elements of right-to-petition claim).

The district court properly dismissed Spreadbury's Fourth Amendment claims because an attempted arrest or an arrest based on a facially valid warrant is insufficient for such a claim. *See Brendlin v. California*, 551 U.S. 249, 254 (2007) (Fourth Amendment triggered by actual arrest); *Baker v. McCollan*, 443 U.S. 137, 144 (1979) (no constitutional violation for arrest based on facially valid warrant).

We do not consider issues raised for the first time on appeal. *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999).

Spreadbury's remaining contentions, including those concerning alleged judicial bias and as to state law claims over which the district court declined to exercise supplemental jurisdiction, are unpersuasive.

**AFFIRMED.**

10-36086