FILED

NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

NOV 19 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-30062 |
| Plaintiff - Appellee, | D.C. No. 9:13-cr-00037-DWM-1 |
| v. | |
| JORDAN LINN GRAHAM, | MEMORANDUM* |
| Defendant - Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-30079 |
| Plaintiff - Appellee, | D.C. No. 9:13-cr-00037-DWH-1 |
| v. | |
| JORDAN LINN GRAHAM, | |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Montana
Donald W. Molloy, Senior District Judge, Presiding

Argued and Submitted November 3, 2015
Portland, Oregon

---

*This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Before: FISHER, BERZON and WATFORD, Circuit Judges.

Jordan Graham appeals her conviction and sentence following her guilty plea to second-degree murder. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. The government did not breach the plea agreement by arguing premeditation at sentencing, because the agreement contained no provision, express or implied, limiting such arguments. The government satisfied its obligations under the plea agreement when it dismissed the first-degree murder charge and the false statement charge in exchange for Graham's plea to second-degree murder. *See United States v. Ellis*, 641 F.3d 411, 417-18 (9th Cir. 2011).

2. The district court properly exercised its discretion in determining there was no "fair and just reason" to permit Graham to withdraw her plea under Federal Rule of Criminal Procedure 11(d)(2)(B). *See United States v. Briggs*, 623 F.3d 724, 727-28 (9th Cir. 2010). It did not deny her motion solely because her plea was knowing and voluntary. *See United States v. Ortega-Ascanio*, 376 F.3d 879, 884-85 (9th Cir. 2004). Rather, the court correctly considered "all of the factors and the facts," including not only voluntariness but also the adequacy of counsel, Graham's subjective understanding of the agreement, the adequacy of the Rule 11

2

colloquy, whether there was newly discovered evidence and whether there was intervening precedent from a higher court.

3. Although Graham's guilty plea does not foreclose her appeal of the district court's denial of her motion to dismiss the indictment for vindictive prosecution, *see United States v. Garcia-Valenzuela*, 232 F.3d 1003, 1005-06 (9th Cir. 2000), the court properly denied the motion, *see United States v. Kent*, 649 F.3d 906, 912-14 (9th Cir. 2011). There is no presumption of vindictiveness in the pretrial setting, *see United States v. Goodwin*, 457 U.S. 368, 381-82 (1982), and Graham's allegations did not establish a prima facie case of actual vindictiveness, *see Nunes v. Ramirez-Palmer*, 485 F.3d 432, 441 (9th Cir. 2007).

4. Graham's appeal of the denial of her motion to inspect the grand jury transcript is foreclosed by her guilty plea. *See Tollett v. Henderson*, 411 U.S. 258, 267 (1973). Because the motion does not attack the court's power to try Graham and requests further proceedings, it does not fall within the exception for claims alleging on the face of the record that the court had no power to enter the conviction or impose the sentence. *See United States v. Broce*, 488 U.S. 563, 575-76 (1989).

Even if the claim were not barred, the court did not abuse its discretion in denying the motion. *See United States v. Plummer*, 941 F.2d 799, 806 (9th Cir.

3

1991).  Graham has not shown a particularized or compelling need for the transcripts sufficient to outweigh the policy of grand jury secrecy, and it was insufficient for her to assert she had "no way of knowing whether prosecutorial misconduct occurred." *United States v. DeTar*, 832 F.2d 1110, 1113 (9th Cir. 1987).

5.  Graham's guilty plea forecloses her appeal from the denial of her motion under Federal Rule of Criminal Procedure 29, and we need not reach the merits of that claim.  *See Tollett*, 411 U.S. at 267.

6.  The district court properly determined Graham's fabrication of an email justified imposing a two-level enhancement for obstruction of justice under the Sentencing Guidelines.  *See* U.S.S.G. § 3C1.1 cmt. n.4(C).  Therefore, we need not consider whether Graham's false statements to law enforcement separately justified the enhancement.  *See United States v. Hernandez-Valenzuela*, 932 F.2d 803, 805 (9th Cir. 1991).

7.  The district court properly denied Graham's request for a two-level downward adjustment for acceptance of responsibility.  The court's factual determination as to whether a defendant accepted responsibility "is entitled to great deference on review," U.S.S.G. § 3E1.1 cmt. n.5, and when reviewing under a clear error standard, we may not reverse absent a definite and firm conviction the

district court made a mistake, *see United States v. Dann*, 652 F.3d 1160, 1176 (9th Cir. 2011).  The district court's factual determinations here were reasonable.  Graham lied repeatedly to law enforcement and, even after confessing she pushed Johnson off the ledge, told friends she had been exonerated by multiple polygraph tests.

8.  The district court did not abuse its discretion in denying Graham's motion to supplement the record.  *See Ashcroft v. Paper Mate Mfg. Co.*, 434 F.2d 910, 915-16 (9th Cir. 1970).  "The district court may not use Federal Rule of Appellate Procedure 10(e) to supplement the record with material not introduced or with findings not made."  *United States v. Garcia*, 997 F.2d 1273, 1278 (9th Cir. 1993).  The suggested jury instructions Graham sought to introduce were never entered in the district court record.

**AFFIRMED**.

Appellant's two opposed motions to supplement the record, filed October 22, 2014 and March 4, 2015, are **DENIED**.