NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUL 12 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JESUS CORONA, | No. 19-56458 |
| Petitioner-Appellant, | D.C. No. 5:17-cv-00413-AG-SHK |
| v. | |
| NEIL MCDOWELL, Warden, | MEMORANDUM[*] |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Andrew J. Guilford, District Judge, Presiding

Submitted July 7, 2021[**]
Pasadena, California

Before: D.M. FISHER,[***] WATFORD, and BUMATAY, Circuit Judges.

Jesus Corona appeals the district court's denial of his petition for a writ of

habeas corpus. We have jurisdiction under 28 U.S.C. § 1291 and § 2253. We affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable D. Michael Fisher, United States Circuit Judge for the U.S. Court of Appeals for the Third Circuit, sitting by designation.

1. We are precluded from reviewing Corona's vindictive prosecution claim. We generally will not "review a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgement." *Coleman v. Thompson*, 501 U.S. 722, 729 (1991). Here, the last reasoned state court decision denied Corona's habeas petition because it raised "issues that could have been raised on appeal, but were not." Under California's "*Dixon* bar," a petition for a writ of habeas corpus is procedurally barred when "the claimed errors could have been, but were not, raised upon a timely appeal from a judgment of conviction." *Ex parte Dixon*, 41 Cal. 2d 756, 759 (1953). We have previously recognized this rule as an independent and adequate state ground. *See Johnson v. Montgomery*, 899 F.3d 1052, 1060 (9th Cir. 2018). Thus, because California has shown the existence of an independent and adequate state procedural ground, and because Corona has not asserted "specific factual allegations that demonstrate the inadequacy of the state procedure," we may not review his claim. *See Bennett v. Mueller*, 322 F.3d 573, 586 (9th Cir. 2003).

Neither can Corona establish cause and prejudice to excuse the default under *Coleman*, 501 U.S. at 746–51, because his underlying vindictive prosecution claim is without merit. A prosecutor's decision to modify charges after a defendant exercises a pretrial procedural right does not create a presumption of prosecutorial vindictiveness. *See United States v. Goodwin*, 457 U.S. 368, 381 (1982) (explaining

2

that "a defendant before trial is expected to invoke procedural rights that inevitably impose some 'burden' on the prosecutor," and that, therefore, "[i]t is unrealistic to assume that a prosecutor's probable response to such [invocations] is to seek to penalize and to deter"). Corona likewise has not shown "either direct evidence of actual vindictiveness or facts that warrant an appearance of such" to establish a prima facie case of prosecutorial vindictiveness. *Nunes v. Ramirez-Palmer*, 485 F.3d 432, 441 (9th Cir. 2007) (simplified). Accordingly, Corona cannot show any prejudice from the application of California's procedural bar.

2. Corona raises three uncertified issues in his opening brief. We will only expand a certificate of appealability where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Because Corona has not made such a showing, we decline to expand the certificate.

First, Corona's argument under *Napue v. People of State of Ill.*, 360 U.S. 264, 269 (1959), fails because Corona has not explained (1) how the testimony was false, (2) how the prosecution knew of said falsity, or (3) how the alleged false testimony was material, *Jackson v. Brown*, 513 F.3d 1057, 1071–72 (9th Cir. 2008). Next, Corona's argument that the trial court violated his Sixth Amendment right by revoking his pro se status fails because "the trial judge may terminate self-representation by a defendant who deliberately engages in serious and obstructionist misconduct." *Faretta v. California*, 422 U.S. 806, 834 n.46 (1975). Finally,

Corona's ineffective assistance of counsel claim fails because Corona himself caused the lack of communication. *See United States v. Plascencia-Orozco*, 852 F.3d 910, 917–18 (9th Cir. 2017).

**AFFIRMED.**