**Michael Wayne SEAWRIGHT,**
**Petitioner—Appellant,**

v.

**Cal TERHUNE, Director; Attorney General of the State of California, Respondents—Appellees.**

No. 99–56907.

D.C. No. CV–98–09328–CBM.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 10, 2002.

Decided Aug. 2, 2002.

Before HUG, FARRIS, and SILVERMAN, Circuit Judges.

MEMORANDUM *

California state prisoner Michael Wayne Seawright appeals the district court's denial of his 28 U.S.C. § 2254 petition for writ of habeas corpus challenging his conviction for his part in the 1983 first degree murder of Catherine Shoup, his mother-in-law. Seawright's petition alleged he was not allowed to present defense evidence that the crime was committed by Catherine's husband. We affirm the district court's denial of Seawright's petition.

A district court's decision to deny a 28 U.S.C. § 2254 habeas petition is reviewed de novo. *Alvarado v. Hill,* 252 F.3d 1066, 1068 (9th Cir.2001). Appellant's habeas petition was filed after the enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Pub.L. No. 104–132, 110 Stat. 1214 (1996). Therefore, we apply the AEDPA in reviewing

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

Appellant's petition. *Fuller v. Roe*, 182 F.3d 699, 702 (9th Cir.1999) (per curiam). Under AEDPA, a petitioner must demonstrate that the state court's adjudication of the merits "resulted in a decision that was contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States." *See Penry v. Johnson*, 532 U.S. 782, 792, 121 S.Ct. 1910, 150 L.Ed.2d 9 (2001); *Williams v. Taylor*, 529 U.S. 362, 403–04, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000).

Additionally, a state prisoner must exhaust federal claims through available state court remedies on direct appeal or through collateral proceedings before a federal court may consider granting habeas corpus relief. *See Keeney v. Tamayo-Reyes*, 504 U.S. 1, 9, 112 S.Ct. 1715, 118 L.Ed.2d 318 (1992). Exhaustion is required by statute. *See* 28 U.S.C. § 2254(b)(1)(A). "To satisfy the exhaustion requirement of § 2254, habeas petitioners must 'fairly presen[t]' federal claims to the state courts in order to give the State the opportunity to pass upon and to correct alleged violations of its prisoners' federal rights.'" *Lyons v. Crawford*, 232 F.3d 666, 668 (2000), *as modified by* 247 F.3d 904 (9th Cir.2001) (quoting *Duncan v. Henry*, 513 U.S. 364, 365, 115 S.Ct. 887, 130 L.Ed.2d 865 (1995)).

The arguments that Seawright raised in his state court petitions were couched solely in terms of California evidence law. The only time Seawright even referenced federal law was the statement in his Petition for Review to the State Supreme Court that he had been "denied due process" by the lower court's evidentiary rulings. However, we have held that a "naked reference to 'due process' ... [is] insufficient to state a federal claim." *Shumway v. Payne*, 223 F.3d 982, 987 (9th Cir.2000).

Accordingly, petitioner has failed to exhaust his federal claims.

AFFIRMED.