**Earnest C. WOODS, II, Petitioner–Appellant,**

v.

**Tom L. CAREY, Warden, Respondent–Appellee.**

**No. 04–57191.**

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 24, 2007.[*]

Filed Oct. 1, 2007.

Earnest C. Woods, II, Vacaville, CA, pro se.

---

[*] This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Accordingly, Woods's motion for oral argument is denied.

Attorney General, Office of the California Attorney General, San Diego, CA, for Respondent–Appellee.

Before: CANBY, TASHIMA, and RAWLINSON, Circuit Judges.

MEMORANDUM **

California state prisoner Earnest C. Woods, II, appeals *pro se* from the district court's judgment denying his habeas petition under 28 U.S.C. § 2254. We have jurisdiction under 28 U.S.C. §§ 1291 and 2253. We review *de novo, Sass v. Cal. Bd. of Prison Terms,* 461 F.3d 1123, 1126 (9th Cir.2006), and we affirm.

We reject as foreclosed the State's contention that we lack jurisdiction to entertain this appeal because Woods has not obtained a certificate of appealability. *See Rosas v. Nielsen,* 428 F.3d 1229, 1231–32 (9th Cir.2005) (per curiam).

■ Woods contends that the California Board of Prison Terms's ("the Board") 2002 decision to deny him parole violates his federal due process rights. After reviewing the record, we conclude that he received all the process due him under governing law, and that the Board's decision was supported by "some evidence." *See Wolff v. McDonnell,* 418 U.S. 539, 564, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974); *Sass,* 461 F.3d at 1129. The "some evidence" standard does not allow us to entertain Woods's contention that the Board did not properly weigh the evidence before it, or neglected to consider evidence that Woods asserts favors granting parole. *See Super-*

*intendent v. Hill,* 472 U.S. 445, 455–56, 105 S.Ct. 2768, 86 L.Ed.2d 356 (1985). Consequently, the California Superior Court's decision to deny this claim was not unreasonable. *See* 28 U.S.C. § 2254(d)(1).

■ Woods also contends that the district court erred when it denied his request for an evidentiary hearing. We disagree. *See Schriro v. Landrigan,* — U.S. —, 127 S.Ct. 1933, 1940, 167 L.Ed.2d 836 (2007) ("[I]f the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing.").

We construe Woods's presentation of issues related to his conviction as a motion for a certificate of appealability. *See* 9th Cir. R. 22–1(e). So construed, we deny the motion. *See Hiivala v. Wood,* 195 F.3d 1098, 1104–05 (9th Cir.1999) (per curiam).

■ We decline to consider those contentions Woods raises for the first time on appeal. *See Allen v. Ornoski,* 435 F.3d 946, 960 (9th Cir.), *cert. denied,* 546 U.S. 1136, 126 S.Ct. 1140, 163 L.Ed.2d 944 (2006).

Woods has filed numerous requests for judicial notice. We grant his requests for judicial notice of the various judicial opinions to which he has alerted us, and we deny all remaining requests. *See Holder v. Holder,* 305 F.3d 854, 866 (9th Cir.2002) (judicial opinions are subject to judicial notice); *cf. Lee v. City of L.A.,* 250 F.3d 668, 689 (9th Cir.2001) (statements subject to dispute are not subject to judicial notice); *Flick v. Liberty Mut. Fire Ins. Co.,* 205 F.3d 386, 392 n. 7 (9th Cir.2000) (facts not relevant on appeal are not subject to judicial notice).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

We deny all other outstanding motions.

**AFFIRMED.**

---

* The Honorable James K. Singleton, United States District Judge for the District of Alaska, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.