**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

EARNEST CASSELL WOODS, II,
                    *Petitioner,*

            v.

TOM L. CAREY,

                    *Respondent.*

No. 05-55302

D.C. No.
CV-04-00915-NAJ

OPINION

Appeal from the United States District Court
for the Southern District of California
Napoleon A. Jones, District Judge, Presiding

Submitted April 11, 2008*
Pasadena, California

Filed May 12, 2008

Before: Alfred T. Goodwin, Harry Pregerson, and
Dorothy W. Nelson, Circuit Judges.

Opinion by Judge D.W. Nelson

---

*The panel unanimously finds this case suitable for decision without
oral argument. *See* Fed. R. App. P. 34(a)(2).

## COUNSEL

Kurt David Hermansen, Law Office of Kurt David Hermansen, San Diego, California, for the petitioner.

Heather Bushman, Office of the Attorney General, San Diego, California, for the respondent.

## OPINION

D.W. NELSON, Senior Circuit Judge:

Earnest Cassell Woods, a California state prisoner, appeals the district court's denial of his 28 U.S.C. § 2254 habeas corpus petition. The district court dismissed the petition, concluding it was barred as successive under 28 U.S.C. § 2244(b). We vacate and remand, with instructions that the district court construe Woods's *pro se* petition as a motion to amend the habeas petition that was still pending before the district court at the time this new petition was filed.

### *FACTUAL AND PROCEDURAL BACKGROUND*

In 1987, Woods was convicted by a jury in the San Diego County Superior Court of second degree murder and unlawful

use of a firearm. Woods is currently incarcerated in a California State Prison, serving a sentence of seventeen years to life.

Woods has filed multiple habeas petitions under 28 U.S.C. § 2254. That section provides that "a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

## I.  *Previous Petition Challenging Denial of Parole*

On October 29, 2003, Woods filed a *pro se* habeas petition ("2003 petition") under § 2254 alleging that: (1) the California Board of Prison Terms ("BPT") failed to consider relevant information concerning his eligibility for parole; (2) the California Court of Appeal refused to grant him an evidentiary hearing regarding the evidence he wanted to present to the BPT; (3) there was insufficient evidence for the BPT to find him ineligible for parole; and (4) the BPT abused its discretion by using the wrong standard in declining to set a parole date. That petition was denied by the district court on September 24, 2004. This court affirmed the district court's denial on October 1, 2007. *Woods v. Carey*, No. 04-57191, 2007 WL 2859716 (9th Cir. Oct. 1, 2007).

## II.  *Current Petition Challenging Classification*

On April 30, 2004, before the 2003 petition had been adjudicated by the district court, Woods filed another *pro se* habeas petition ("2004 petition"). This petition alleges that: (1) the California Department of Corrections ("CDC") and BPT have improperly reclassified him as a "life prisoner"; (2) this reclassification has deprived him of earned good-time credits; and (3) the CDC and BPT are improperly forcing him to attend parole hearings in violation of the California Penal Code.

On December 30, 2004, the district court dismissed Woods's petition as successive. It pointed out that under 28 U.S.C. § 2244(b)(3)(A), a district court may not review a "second or successive" habeas petition unless the petitioner obtains authorization from the court of appeals. As Woods had not sought such authorization, his application was dismissed. Woods filed a timely *pro se* notice of appeal on January 12, 2005. On August 13, 2007, this court issued an order appointing counsel for the petitioner.

## *JURISDICTION*

This court has jurisdiction over final orders of the district court in habeas proceedings pursuant to 28 U.S.C. § 2253(a). A state prisoner does not need to obtain a certificate of appealability under 28 U.S.C. § 2253(c) when challenging an administrative decision regarding the execution of his sentence. *White v. Lambert*, 370 F.3d 1002, 1010 (9th Cir. 2004).

## *STANDARD OF REVIEW*

This court reviews de novo a district court's denial of a habeas petition. *King v. Lamarque*, 464 F.3d 963, 965 (9th Cir. 2006). A district court's determination that petitioner failed to establish eligibility under § 2244 to file a successive petition is reviewed de novo. *United States v. Villa-Gonzalez*, 208 F.3d 1160, 1165 (9th Cir. 2000); *Thompson v. Calderon*, 151 F.3d 918, 921 (9th Cir. 1998) (en banc). A district court's refusal to review successive claims is reviewed for abuse of discretion. *Williams v. Calderon*, 83 F.3d 281, 286 (9th Cir. 1996).

## *DISCUSSION*

[1] "Generally, a new petition is 'second or successive' if it raises claims that were or could have been adjudicated on their merits in an earlier petition." *Cooper v. Calderon*, 274 F.3d 1270, 1273 (9th Cir. 2001). The Antiterrorism and Effec-

tive Death Penalty Act ("AEDPA") implemented a gatekeeper function, requiring that successive § 2254 petitions be dismissed unless they meet one of the exceptions outlined in 28 U.S.C. § 2244(b)(2). Under that provision, a successive application is permissible only if it rests on a new rule of constitutional law, facts that were previously unavailable, or facts that would be sufficient to show constitutional error in the petitioner's conviction. 28 U.S.C. § 2244(b)(2). Even if a petitioner can demonstrate that he qualifies for one of these exceptions, he must seek authorization from the court of appeals before filing his new petition with the district court. 28 U.S.C. § 2244(b)(3).

When Woods filed this petition in April 2004, his previous habeas petition was still pending before the district court. Rather than treating the new petition as a motion to amend, the district court dismissed it as successive for failure to comply with § 2244(b). Woods argues that this was in error. He urges this court to follow the Second Circuit by holding that, where a new *pro se* petition is filed before the adjudication of a prior petition is complete, the new petition should be construed as a motion to amend the pending petition rather than as a successive application.[1] *See Grullon v. Ashcroft*, 374 F.3d 137, 138 (2d Cir. 2004) (per curiam); *Ching v. United States*, 298 F.3d 174, 177 (2d Cir. 2002).

In *Ching*, the petitioner filed a § 2241 habeas petition before a final decision had been issued with respect to his § 2255 motion.[2] *Ching*, 298 F.3d at 176. Ching's initial motion had been denied by the district court, but it was pend-

---

[1]This court has taken the same approach in a previous unpublished memorandum disposition. *See Markay v. Brown*, No. 03-16055, 2005 WL 66018 (9th Cir. Jan. 12, 2005).

[2]Whereas § 2254 permits a state prisoner to seek post-conviction relief, § 2255 applies to federal prisoners. *See* 28 U.S.C. § 2255. Section 2241 embodies the traditional writ of habeas corpus, permitting an individual to challenge the legality of his custody in situations where a § 2255 motion would be inadequate or ineffective. *See* 28 U.S.C. § 2255.

ing before the Second Circuit at the time Ching filed his second petition. *Id.* When the appellate court remanded the initial petition for further consideration, the district court issued an order simultaneously dismissing the first petition and holding that the second petition was successive and therefore must meet the requirements of § 2244. *Id.*

**[2]** The Second Circuit disagreed. It framed the inquiry before it as "whether [petitioner's later motion] was in fact second or successive within the meaning of the statute, or if instead, the district court should have construed it as a motion to amend his original § 2255 motion." *Id.* at 176-77. The Second Circuit noted that AEDPA does not define what constitutes a "second or successive" habeas petition. *Id.* at 177. However, "it is clear that for a petition to be 'second or successive' . . . , it must at a minimum be filed subsequent to the conclusion" of a proceeding that has "reached *final* decision." *Id.* (citing *Littlejohn v. Artuz*, 271 F.3d 360, 363 (2d Cir. 2001)). The Second Circuit emphasized that this concern is particularly important in the AEDPA context, "where the gatekeeping provisions of the statute stringently limit a petitioner's ability to raise further issues in a subsequent action." *Id.* Accordingly, the court held that "when a § 2255 motion is filed before adjudication of an initial § 2255 motion is complete, the district court should construe the second § 2255 motion as a motion to amend the pending § 2255 motion." *Id.*

In fashioning its holding, the Second Circuit noted the "tension between the liberal amendment policy embodied in Fed. R. Civ. P. 15 . . . and the AEDPA's restrictions on bringing successive collateral attacks to criminal convictions." *Id.* at 179. The court reconciled that tension by noting that "the decision to grant a motion to amend is committed to the sound discretion of the district court" and that "the district court may deny that leave where necessary to thwart tactics that are dilatory, unfairly prejudicial or otherwise abusive." *Id.* at 180. This discretion assuaged the Second Circuit's concern that prisoners would exploit the ability to amend their pending

petitions, thereby undermining AEDPA's goals of efficiency and conservation of judicial resources. Thus, Ching's petition was transferred back to the district court for reconsideration. *Id.* at 182.

**[3]** In *Grullon v. Ashcroft*, the Second Circuit extended *Ching* to cover successive petitions filed under § 2241. 374 F.3d at 138. There, Grullon filed a third § 2241 petition while his first petition was pending before the appellate court and the second was before the district court. *Id.* at 139. The Second Circuit noted that it was "unclear whether a § 2241 claim is subject to the restrictions on successive petitions," but found it "need not decide this question." *Id.* at 140. Under *Ching*, even if the restrictions did apply, the court held that the later petition "should not be considered successive, as [petitioner] ha[d] a prior § 2241 petition pending in the [district court], and an appeal from a grant of another § 2241 petition pending in the [appellate court]." *Id.*

**[4]** The Second Circuit's logic applies with special force in the context of *pro se* litigants. "A document filed *pro se* is 'to be liberally construed,' and a '*pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.' " *Erickson v. Pardus*, \_\_\_ U.S. \_\_\_, \_\_\_, 127 S. Ct. 2197, 2200 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)) (internal citations omitted); *see also Corjasso v. Ayers*, 278 F.3d 874, 878 (9th Cir. 2002) ("*Pro se* habeas petitioners may not be held to the same technical standards as litigants represented by counsel."); *United States v. Seesing*, 234 F.3d 456, 462 (9th Cir. 2001) ("Pro se complaints and motions from prisoners are to be liberally construed."). If Woods had the benefit of counsel at the time he filed the instant petition, that counsel certainly would have filed the 2004 claims as an amendment to the 2003 petition. Accordingly, we follow the persuasive reasoning of the Second Circuit, and see no reason why its treatment of petitions filed under § 2255 and § 2241 should not extend equally to petitions filed under § 2254.

Thus, we hold that the district court should have construed Woods's *pro se* habeas petition as a motion to amend his pending habeas petition. The district court then has the discretion to decide whether the motion to amend should be granted.[3]

**[5]** Because we decide that the district court should treat this *pro se* petition as a motion to amend, we need not reach the question of whether leave of the court under 28 U.S.C. § 2244(b)(3)(A) was required before Woods filed his 2004 petition. Construed as a motion to amend, the 2004 petition was not a successive petition under the terms of § 2244.

## *CONCLUSION*

For the foregoing reasons, the district court's order dismissing the instant petition is vacated. The matter is remanded with instructions that the district court construe the 2004 petition as a motion to amend Woods's earlier petition.

**VACATED** and **REMANDED**.

---

[3]We note that in this case, Woods's 2003 petition has already been amended once. Accordingly, under Fed. R. Civ. P. 15(a)(2), Woods could amend the petition again "only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires."