# FOR PUBLICATION

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

DONALD EDWARD BEATY,
　　　　　　　　　*Petitioner,*

v.

DORA B. SCHRIRO, of Arizona
Department of Corrections,
　　　　　　　　　*Respondent.*

No. 08-71249

D.C. No.
CV-92-02076-SRB

ORDER

Argued and Submitted
December 16, 2008—Pasadena, California

Filed February 2, 2009

Before: Diarmuid F. O'Scannlain, Susan P. Graber, and
M. Margaret McKeown, Circuit Judges.

---

## COUNSEL

Ashley J. McDonald, Office of the Federal Public Defender, Phoenix, Arizona, and John E. Charland, Phoenix, Arizona, argued the cause for the appellant and submitted briefs. Jon M. Sands, Federal Public Defender, and Dale A. Baich, Office of the Federal Public Defender, Phoenix, Arizona, were on the briefs.

John Pressley Todd, Office of the Attorney General, Phoenix, Arizona, argued the cause for the appellee and submitted a brief. Terry Goddard, Attorney General, and Kent E. Cattani, Office of the Attorney General, Phoenix, Arizona, were on the brief.

---

**ORDER**

We must decide whether any of the claims in this petition for leave to file a second and successive habeas petition made by a petitioner under sentence of death are cognizable at this stage.

I

Petitioner Donald Edward Beaty, who was convicted of murder in Arizona state court in 1985, filed a habeas petition with the United States District Court for the District of Arizona in 1992, which it denied in 1999. Beaty then appealed to this court. On August 27, 2002, we denied a certificate of appealability on all claims except as to the voluntariness of Beaty's confession. We "remand[ed] to the district court for an evidentiary hearing limited to" consideration of the voluntariness claim. *Beaty v. Stewart* ("*Beaty I*"), 303 F.3d 975, 994 (9th Cir. 2002). After an evidentiary hearing, the district court ruled against Beaty on his voluntariness claim in 2005. Beaty asked the district court to amend the original habeas petition to include a plethora of other claims. The district court denied Beaty's motions to amend. Beaty again appealed to this court, and we affirmed the district court's ruling on the voluntariness claim. *Beaty v. Schriro* ("*Beaty II*"), 509 F.3d 994 (9th Cir. 2007), *cert. denied*, 129 S. Ct. 405 (2008).

While *Beaty II* was pending before this court, Beaty (who was represented by counsel) made several pro se submissions, including an "Application for Certificate of Appealability to Expand the Record and/or Application to File Second and Successive 2254 Petition for Writ of Habeas Corpus (28 U.S.C. 2244(b)) and Appointment of Counsel." On March 25, 2008, we construed this filing as an application for a second or successive habeas petition and ordered it filed under this new docket. We directed Beaty's counsel to address the issues raised in that application, which we now consider in turn.

## II

### A

Beaty argues that we should have considered his claims raised in his 2008 pro se filing as part of his original habeas petition. He also argues that the district court should have allowed him to amend his habeas petition in 2005.

### B

To support his claims, Beaty cites *Woods v. Carey*, 525 F.3d 886 (9th Cir. 2008). Beaty's reliance on *Woods* is unavailing. There, the petitioner was *pro se*, and the *Woods* court specifically emphasized the importance of liberality in pleading requirements in pro se cases. *See id.* at 889-90 ("A document filed *pro se* is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers" (internal quotation marks omitted)). More importantly, the *Woods* petitioner filed his new petition six months after his initial petition, before the district court had acted on it. In contrast, Beaty filed his motions to amend after the district court had denied his claims, and he brought new claims before this court even later. We have already upheld the district court's denial on all bases except for the voluntariness claim. The Supreme Court has denied certiorari, *Ryan v. Beaty*, 538 U.S. 1053 (2003), and the district court has once again denied Beaty's remaining claim after holding an evidentiary hearing. To extend *Woods* to allow the filing of new claims this late in the process would essentially nullify the rules about second and successive petitions created by the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 ("AEDPA").

C

Beaty also cites the reasoning of *Ching v. United States*, 298 F.3d 174 (2d Cir. 2002).[1] There, the petitioner filed a new § 2241 petition before the Second Circuit had ruled on his § 2255 petition. *Ching* held that the district court should consider allowing the petitioner to amend his petition, although the district court should exercise its discretion in considering such a request. *See id.* at 180. The Second Circuit also left it for the district court to decide whether the amended claims related back under Federal Rule of Civil Procedure 15(c) (and thus, whether or not they were time-barred under AEDPA). *See id.* at 181.

*Ching* is of little relevance. Beaty has already had an opportunity to have all his claims decided upon — by the district court in 1999, by this court in 2002, and by the Supreme Court in 2003. We denied all of Beaty's claims except for the voluntariness claim, which we remanded. Not only had we ruled in Beaty's case, but that ruling — that Beaty's petition was denied as to all grounds but voluntariness — had become final two years before Beaty petitioned for an amendment in the district court. The district court did not err by denying Beaty leave to amend.

D

Accordingly, Beaty must meet the standard required of him by 28 U.S.C. § 2244(b). He must either show "that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was

---

[1]Although this court in *Woods* quoted extensively from *Ching*, we did not address whether its holding would apply to a petition on appeal after having been denied in the first instance by the district court. Today, we decide that Beaty cannot use *Woods* to amend his petition after the district court has ruled and proceedings have begun in this court (much less after the Supreme Court denied certiorari on the claims on which we had already ruled).

previously unavailable" or that both "the factual predicate for the claim could not have been discovered previously through the exercise of due diligence [and] the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." 28 U.S.C. § 2244(b)(2). He has failed to make a showing of either.

## III

### A

Beaty argues that we should have considered his pro se filings, as they "would have informed the Court's decision on the voluntariness issue." The only potentially significant fact counsel points to is that "Dr. Overbeck testified how the group attack on Beaty would have compelled him to seek comfort from the group therapist to reaffirm his human worth, and to seek assurances, endorsement, and safety." Dr. Overbeck's testimony was before us in the earlier case, as was the entire district court record. Beaty's argument is without merit.

### B

Beaty's claim that a judge imposed the death sentence in violation of this court's decision in *Adamson v. Ricketts*, 865 F.2d 1011 (9th Cir. 1988) (en banc), cannot succeed. *Adamson*'s central teaching — that capital sentencing by judges was unconstitutional — was rejected by the Supreme Court in *Walton v. Arizona*, 497 U.S. 639 (1990).[2] Beaty argues that because *Adamson* was the law while his case was on direct review, it should apply here and his death sentence should be

---

[2]*Walton* itself was overruled in *Ring v. Arizona*, 536 U.S. 584 (2002). However, *Ring* is only applicable to cases on direct review. *Schriro v. Summerlin*, 542 U.S. 348 (2004).

invalidated. However, *Adamson* was never "made retroactive to cases on collateral review by the Supreme Court." Nor was it "previously unavailable" — the *Adamson* decision in 1988 was handed down well before Beaty's first habeas petition. Accordingly, under AEDPA this claim is procedurally barred.

## C

Beaty's claim that he is "innocent of the death penalty" is unconvincing. In his brief, Beaty points to alleged organic brain damage and his rearing in a "profoundly abusive and dysfunctional family." At most, however, these would constitute factors in mitigation. A claim of actual innocence of the death penalty would require a showing that one of the statutory aggravators or other requirements for the imposition of the death penalty had not been met. *Sawyer v. Whitley*, 505 U.S. 333, 345 (1992). This Beaty has failed to do.

## D

Beaty claims that he is actually innocent of the murder of Christy Ann Fornoff. He asserts that the prosecution's lead witness at the trial, Angel Bello, killed a fourteen-year-old "girl named Tina Reed in exactly the same manner in which Christy Fornoff was killed." Assuming, without deciding, that Bello did in fact murder Tina Reed, mere speculation about a possible suspect is not enough to meet the standard required by § 2244(b). Furthermore, any such suspicion is severely undercut by the physical evidence. At trial, an investigator testified that the semen stains could be identified as coming from a type B secretor with a PGM type of 1 and a PGM subtype of 1+1-. In contrast, Bello is a type A secretor. Thus, Beaty cannot demonstrate that "facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that . . . *no reasonable factfinder* would have found the applicant guilty of the underlying offense." 28 U.S.C. § 2244(b)(2).

E

Beaty also raises a claim that he may not be executed under *Atkins v. Virginia*, 536 U.S. 304 (2002). We have not yet expressed a view on whether *Atkins* is retroactive. Assuming for the purposes of this order that it is, Beaty has not exhausted his *Atkins* claim in state court. Nor did Beaty raise an *Atkins* claim within one year of the Court's decision in *Atkins*, as required by AEDPA. 28 U.S.C. 2244(d)(1)(C). His *Atkins* claim is therefore barred. Beaty asks that we hold these proceedings in abeyance so that he can proceed to exhaust the *Atkins* claim in state court. We respectfully decline to do so.[3] Beaty's request for further expert examination is also denied.

IV

Finally, Beaty asks us to declare section 2244 unconstitutional. This question is firmly settled by Ninth Circuit case law against Beaty's position. *See Crater v. Galaza*, 491 F.3d 1119 (9th Cir. 2007), *cert. denied*, 128 S. Ct. 2961 (2008); *Duhaime v. Ducharme*, 200 F.3d 597 (9th Cir. 2000).

V

Finding no merit in any of the claims newly raised by Beaty, the application to file a second or successive writ of habeas corpus is DENIED. No petition for rehearing or motion for reconsideration shall be filed or entertained in this case. *See* 28 U.S.C. § 2244(b)(3)(E).

---

[3]Beaty has had many opportunities to exhaust his *Atkins* claim in state court. The state trial court allowed for psychological testing of Beaty to determine if he is mentally retarded prior to the filing of his fifth amended complaint. Beaty filed his fifth petition for post-conviction relief on October 29, 2003, and amended it on April 21, 2004. He filed a sixth petition on October 17, 2005. In neither of these petitions did Beaty raise an *Atkins* issue. Against this background, it appears that Beaty is engaging in "needless piecemeal litigation[, or] . . . collateral proceedings whose only purpose is to vex, harass, or delay." *Sanders v. United States*, 373 U.S. 1, 18 (1963).

PRINTED FOR
ADMINISTRATIVE OFFICE—U.S. COURTS
BY THOMSON REUTERS/WEST—SAN FRANCISCO

The summary, which does not constitute a part of the opinion of the court, is copyrighted
© 2009 Thomson Reuters/West.