**Frank A. RUST, Petitioner–Appellant,**

v.

**James HALL, Respondent–Appellee.**

**Frank A. Rust, Petitioner–Appellant,**

v.

**Derrick L. Ollison, Respondent–Appellee.**

**Nos. 07–55413, 07–55697.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 2, 2009.

Filed Sept. 14, 2009.

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

Frank A. Rust, CSPI–California State Prison Ironwood, Blythe, CA, Ste. A, Pmb 546, Law Offices of Alissa Sawano Peterson, Irvine, CA, for Petitioner–Appellant.

Gil P. Gonzalez, AGCA–Office of the California Attorney General, San Diego, CA, for Respondent–Appellee.

Before: FERNANDEZ and GOULD, Circuit Judges, and ENGLAND,* District Judge.

* The Honorable Morrison C. England, Jr., United States District Judge for the Eastern Dis-

## MEMORANDUM**

Frank A. Rust appeals the district court's denial of one habeas corpus petition on the merits and the denial of another one as being second and successive. 28 U.S.C. §§ 2244(b), 2254. We affirm in part and reverse and remand in part.

(1) Rust asserts that pursuant to "clearly established Federal law, as determined by the Supreme Court"[1] his rights under the Confrontation Clause of the Sixth Amendment to the United States Constitution were violated.[2] We disagree. At the time that Rust's conviction became final on direct appeal, the principles set forth in *Ohio v. Roberts,* 448 U.S. 56, 66, 100 S.Ct. 2531, 2539, 65 L.Ed.2d 597 (1980), controlled consideration of the admission of evidence. Now, the principles of *Crawford v. Washington,* 541 U.S. 36, 59, 124 S.Ct. 1354, 1369, 158 L.Ed.2d 177 (2004), control. While *Crawford* cannot be applied retroactively at the behest of a petitioner,[3] it can be applied retroactively at the behest of the state.[4] In any event, the result would be the same under either *Roberts* or *Crawford.*

In the first place, the state court's determination that the witnesses in question— Rita Keith and Andre Thomas Barnett— were not available and that due diligence had been used by the prosecution in an attempt to make them available was not unreasonable. *See* 28 U.S.C. § 2254(d); Cal. Evid.Code § 240(a)(5); *see also Barber v. Page,* 390 U.S. 719, 725, 88 S.Ct. 1318, 1322, 20 L.Ed.2d 255 (1968); *People v. Cromer,* 24 Cal.4th 889, 892, 15 P.3d 243, 244, 103 Cal.Rptr.2d 23, 24 (2001).

 Secondly, as far as Keith's preliminary hearing testimony is concerned, there is no claim that it was not subject to cross-examination; thus, it was admissible under either *Crawford* or *Roberts.* Similarly, her statements to a police officer, whether testimonial or not, were essentially the same as those at her preliminary hearing, and, therefore, their substance was subject to cross-examination; at worst, any error in their admission was harmless. *See Brecht v. Abrahamson,* 507 U.S. 619, 623, 113 S.Ct. 1710, 1714, 123 L.Ed.2d 353 (1993). Moreover, her statement to a lay person shortly after she was bludgeoned with a baseball bat was not testimonial under *Crawford,* and, therefore, did not present a Confrontation Clause issue at all under that approach. *See Whorton,* 549 U.S. at 420, 127 S.Ct. at 1183; *Davis v. Washington,* 547 U.S. 813, 821, 126 S.Ct. 2266, 2273, 165 L.Ed.2d 224 (2006); *Delgadillo,* 527 F.3d at 924. Under *Roberts,* 448 U.S. at 66, 100 S.Ct. at 2539, it was based on a firmly rooted hearsay exception. *See* Cal. Evid.Code § 1240 (spontaneous statements).

trict of California, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

1. 28 U.S.C. § 2254(d)(1).

2. At the outset, the state argues that Rust either failed to exhaust or has procedurally defaulted his claims. However, in the district court the state expressly waived the exhaustion claim. *See* 28 U.S.C. § 2254(b)(3). Moreover, it did not raise the procedural-default claim. *See Vang v. Nevada,* 329 F.3d 1069, 1073 (9th Cir.2003); *Franklin v. Johnson,* 290 F.3d 1223, 1232–33 (9th Cir.2002). Thus, we will proceed to the merits.

3. *See Whorton v. Bockting,* 549 U.S. 406, 421, 127 S.Ct. 1173, 1183–84, 167 L.Ed.2d 1 (2007).

4. *See Danforth v. Minnesota,* 552 U.S. 264, ——, 128 S.Ct. 1029, 1032–33, 169 L.Ed.2d 859 (2008); *Delgadillo v. Woodford,* 527 F.3d 919, 926–28 (9th Cir.2008).

Thirdly, we agree that admission of Barnett's statements was more problematic. However, they were essentially cumulative to Keith's statements, and the jury did not find Rust guilty for the attack on Barnett. Any error was harmless. *See Brecht,* 507 U.S. at 623, 113 S.Ct. at 1714.

(2) The instruction given to the jury regarding Rust's prior domestic-violence offense (rape) did not undermine the requirement that he be found guilty beyond a reasonable doubt of every element of the offense at hand. *See Mendez v. Knowles,* 556 F.3d 757, 768 (9th Cir.2009). We note that the instruction was quite different from one that we have found unconstitutionally defective,[5] and to the extent that some residual ambiguity remained, it did not render the instruction so defective that it violated due process.[6]

(3) While Rust's first petition was still under submission, he filed a wholly new petition with the district court. The district court dismissed the new petition as second and successive. *See* 28 U.S.C. § 2244(b). In so doing, the district court erred because we have held that when a pro se petitioner (like Rust) files a new petition before the first one is decided, the district court must treat the new one as a motion to amend rather than as a second and successive petition. *See Woods v. Carey,* 525 F.3d 886, 890 (9th Cir.2008). Thus, we must reverse in this respect.[7]

5. *Gibson v. Ortiz,* 387 F.3d 812, 818–19 (9th Cir.2004), overruled on other grounds by *Byrd v. Lewis,* 566 F.3d 855, 865–66 (9th Cir.2009).

6. *See Hedgpeth v. Pulido,* —— U.S. ——, ——, 129 S.Ct. 530, 532, 172 L.Ed.2d 388 (2008) (per curiam); *Middleton v. McNeil,* 541 U.S. 433, 437, 124 S.Ct. 1830, 1832, 158 L.Ed.2d 701 (2004) (per curiam).

AFFIRMED as to No. 07–55413; REVERSED and REMANDED as to No. 07–55697.

7. We leave to the district court in the first instance the state's assertions that the new petition violated a scheduling order, as well as that it was late and could not relate back. *See Mayle v. Felix,* 545 U.S. 644, 650, 125 S.Ct. 2562, 2566, 162 L.Ed.2d 582 (2005); *King v. Ryan,* 564 F.3d 1133, 1141 (9th Cir. 2009).

