**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JAN 05 2011



MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MICHAEL WAYNE SEAWRIGHT, | No. 07-56202 |
| Petitioner - Appellant, | D.C. No. CV-06-08273-CBM |
| v. | |
| DIRECTOR OF THE CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Central District of California
Consuelo B. Marshall, Senior District Judge, Presiding

Argued and Submitted December 7, 2010
Pasadena, California

Before: PREGERSON, CLIFTON, and BEA, Circuit Judges.

California state prisoner Michael Wayne Seawright ("Seawright") appeals

the district court's denial of his 28 U.S.C. § 2254 habeas petition challenging his

conviction for his part in the 1983 first degree murder of Catherine Stroup.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Seawright's petition alleged that the state trial court violated his due process rights when it did not allow him to present defense evidence that the crime was committed by Catherine's husband, James Stroup Sr. The district court dismissed Seawright's habeas petition because it found it to be a second or successive petition. We affirm.

This court has held that a habeas petition is second or successive if it raises claims that were or could have been adjudicated on the merits. *See Woods v. Carey*, 525 F.3d 886, 888 (9th Cir. 2008). Seawright's current petition is a second or successive petition because the district court had previously dismissed Seawright's similar petition on the merits with prejudice. On appeal, this court found that Seawright failed to exhaust his due process claim in state courts. However, this court stated that it "affirmed" the judgment of the district court.[1]

Seawright contends this court mistakenly stated that it "affirmed" the judgment of the district court. Yet, Seawright never filed a rehearing petition or otherwise appealed this court's affirmance of the district court's judgment. Thus, because the time to challenge this court's 2002 decision had long since lapsed, he cannot collaterally attack that judgment on this appeal.

---

[1] Despite the fact that Seawright's due process claim was unexhausted, the district court had jurisdiction to deny Seawright's petition on the merits. 28 U.S.C. § 2254(b)(2).

2

Seawright was required to obtain authorization from this court to file a second or successive petition. 28 U.S.C. § 2244(b)(3)(A). Seawright did not receive such authorization. Hence, the district court properly dismissed Seawright's current petition.

**AFFIRMED**

*Searight v. Director of CDC*, No. 07-56202

PREGERSON, Circuit Judge, specially concurring:

Another panel of this court previously decided Seawright's appeal of his first habeas petition and concluded that Seawright had failed to exhaust his federal claims in state court. *Seawright v. Terhune*, 42 F. App'x 945, 946 (9th Cir. 2002). Even though the panel did not reach the merits of Seawright's habeas petition, oddly the panel "affirmed" the district court's judgment, *id.*, which denied Seawright's habeas petition on the merits and dismissed it with prejudice.

While this court is permitted to affirm the district court's judgment of the unexhausted claim on the merits pursuant to 28 U.S.C. § 2254(b)(2), it is not clear from the previous panel's memorandum disposition that this is what the panel actually intended. Thus, it is our court that may have made a fatal mistake. But because Seawright's attorney did not file a petition for panel rehearing and the mandate issued long ago, the judgment of the previous panel unfortunately stands.