**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SHABONDY LAMAR SIMPSON, | No. 11-15400 |
| Petitioner - Appellant, | D.C. No. 2:05-cv-00640-JAM-DAD |
| v. | |
| M. EVANS, Warden, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
John A. Mendez, District Judge, Presiding

Argued and Submitted March 15, 2013
San Francisco, California

Before: NOONAN, FISHER and NGUYEN, Circuit Judges.

Shabondy Simpson, a state prisoner, appeals the district court's denial of his

28 U.S.C. § 2254 habeas petition, which the district court construed as a motion for

leave to amend Simpson's prior habeas petition pursuant to *Woods v. Carey*, 525

F.3d 886 (9th Cir. 2008). We have jurisdiction under 28 U.S.C. §§ 1291 and 2253,

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

and affirm on an alternative ground. *See Ybarra v. McDaniel*, 656 F.3d 984, 992 n.3 (9th Cir. 2011) (explaining that we may affirm the denial of habeas relief on any ground supported by the record).

**1.** Although Simpson filed his petition after his notice of appeal had been filed, the district court retained jurisdiction to deny a timely-filed motion for relief. *See* Fed. R. Civ. P. 62.1(a)(2). We thus have jurisdiction to consider this appeal.

**2.** The district court abused its discretion in denying Simpson's motion on the basis of delay, his lack of diligence, and prejudice to the state. In adopting the magistrate judge's recommendation to deny Simpson's constructive motion for leave to amend, the district court failed to consider the fact that Simpson had not previously been afforded an opportunity to amend his petition. *See Caswell v. Calderon*, 363 F.3d 832, 837 (9th Cir. 2004) (listing factors relevant to consideration of a motion for leave to amend a complaint); *Maxwell v. Lucky Const.* Co., 710 F.2d 1395, 1399 (9th Cir. 1983) ("Failure to consider pertinent factors constitutes an abuse of discretion.").

Furthermore, the district court's conclusion that Simpson did not act diligently is illogical and unsupported by the record. It was unreasonable to fault Simpson for the time he spent in state court exhausting his claim under *Cunningham v. California*, 549 U.S. 270 (2007), which he was required to do

2

under AEDPA. *See* 28 U.S.C. § 2254(b). The district court's reliance on Simpson's ability to correctly answer a question about the procedural history of his postconviction litigation was also unwise. As *Woods* recognizes, pro se habeas petitioners are often not well-versed in the complex procedural rules that govern federal habeas petitions. For this reason, "[a] document filed pro se is 'to be liberally construed,' and a ' pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Woods*, 525 F.3d at 889–90 (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)). It was further unreasonable to fault Simpson for failing to include his *Cunningham* claim in his July 2008 motion to amend. The *Cunningham* claim was not exhausted in state court until the California Supreme Court denied his state habeas petition on July 16, 2008—the day *after* he mailed his motion to amend.

Finally, any prejudice to the state that may have resulted because Simpson's initial habeas petition was resolved on the merits at the time the district court ruled on the motion to amend could have been prevented by the district court's prompt consolidation of Simpson's first and second habeas petitions as required by

3

*Woods.*[1]  Simpson filed his second habeas petition in November 2008—eight months before his initial habeas petition was denied on the merits.  Additionally, at the time Simpson moved to add the *Cunningham* claim, Simpson's July 2008 motion to amend was pending before the district court, and that motion was not ruled on until four months after Simpson filed his second habeas petition.  Had the two petitions been timely consolidated, the district court could have ruled on both motions at the same time.  Tellingly, the court did *not* deny the earlier motion on the ground that Simpson's delay in filing it had prejudiced the state.

**3.**  We nonetheless affirm the district court on the alternative ground that amendment would have been futile because Simpson's proposed *Cunningham* claim was time-barred.  As relevant here, the one-year statute of limitations runs from the latest of either "the date on which the judgment became final by the

---

[1] To the extent the district court believed that responsibility for the delay in consolidation could be placed on Simpson because he failed to indicate on his second habeas petition that he currently had a habeas case pending, we remind the district court of the affirmative duty imposed on district courts by *Woods*—a duty grounded in courts' obligation to liberally construe documents filed by pro se litigants.  525 F.3d at 889–90.  Simple administrative procedures that have already been adopted by other districts in this circuit—assigning all habeas petitions by a particular inmate to the same judicial officers—could prevent the delay in consolidation that occurred in this appeal.  *See* D. Ariz. Loc. R. 3.7(e); C.D. Cal. Gen. Order 08-05 § 2.2; *id*. Gen. Order 05-07 at 8–9; N.D. Cal. Gen. Order 44(D)(5).  In light of the affirmative duty imposed by *Woods*, the district court could similarly adopt procedures that facilitate expedient consolidation of petitions filed by pro se petitioners.

4

conclusion of direct review," 28 U.S.C. § 2244(d)(1)(A), or "the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review," *id*. § 2244(d)(1)(C).

Simpson's sentence became final on April 22, 2003, and excluding periods of statutory and equitable tolling, he waited more than one year after that date before seeking relief under *Cunningham*. Therefore, Simpson's proposed claim was timely only if *Cunningham* itself "newly recognized" the right that he sought to assert and applies retroactively. Yet, in *Butler v. Curry*, 528 F.3d 624, 628 (9th Cir. 2008), we held that *Cunningham* did not announce a new rule of law because its result "was clearly dictated by the Supreme Court's [prior] Sixth Amendment case law, in particular by *Blakely v. Washington*, 542 U.S. 296 (2004)." Because "the Supreme Court announced a new rule in *Blakely v. Washington*," it "does not apply retroactively to a conviction that was final before that decision was announced." *Schardt v. Payne*, 414 F.3d 1025, 1038 (9th Cir. 2005). Simpson waited more than one year after *Blakely* was decided before seeking relief. Consequently his proposed claim is time-barred.

**AFFIRMED.**

5