NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUN 8 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-35047 |
| Plaintiff-Appellee, | D.C. Nos. 1:18-cv-00057-SPW |
| v. | 1:14-cr-00037-SPW-1 |
| BROGAN YARDLEY RAYMOND, AKA Brogan Y. Raymond, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Montana
Susan P. Watters, District Judge, Presiding

| | |
|---|---|
| BROGAN YARDLEY RAYMOND, | No. 18-73048 |
| Applicant, | |
| v. | |
| JIM SALMONSEN, | |
| Respondent. | |

Application to File Second or Successive
Petition Under 28 U.S.C. § 2255

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Argued and Submitted March 5, 2020[**]
Portland, Oregon

Before: McKEOWN and PAEZ, Circuit Judges, and HUCK, [***] District Judge.

Appellant Brogan Raymond ("Raymond") contests the district court's dismissal of his motion under 28 U.S.C. § 2255 as an unauthorized second or successive habeas petition. We have jurisdiction under §§ 1291 and 2255. We review de novo the dismissal of a § 2255 motion for lack of jurisdiction. *United States v. Buenrostro*, 638 F.3d 720, 721 (9th Cir. 2011) (per curiam). We affirm the district court's dismissal of Raymond's motion, No. 19-35047, and deny Raymond's application for authorization to file a second or successive petition, No. 18-73048.

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), federal courts are presumptively barred from adjudicating "second or successive" motions for habeas relief under § 2255. *Buenrostro*, 638 F.3d at 721. Before a defendant can file a second or successive motion, he must first obtain authorization from the court of appeal under the strict standards set forth in § 2255(h).

---

[**] The panel unanimously concludes that case 18-73048 is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Paul C. Huck, United States District Judge for the U.S. District Court for Southern Florida, sitting by designation.

Not all second-in-time motions for habeas relief qualify as "second or successive" motions. *See Brown v. Muniz*, 889 F.3d 661, 667 (9th Cir. 2018), *cert. denied sub nom. Brown v. Hatton*, 139 S. Ct. 841, 202 L. Ed. 2d 610 (2019). However, a second-in-time motion *is* second or successive if it raises claims that were or could have been adjudicated on the merits in an earlier motion. *See Woods v. Carey*, 525 F.3d 886, 888 (9th Cir. 2008).

Raymond argues that his second § 2255 motion was not "second or successive" for purposes of AEDPA because the district court never ruled on the merits of the motion. In Raymond's first motion, he argued that the Sentencing Guidelines' definition of "crime of violence" was unconstitutionally vague under *Johnson v. United States*, 135 S. Ct. 2251 (2015). Although *Johnson* invalidated a statutory provision in the Armed Career Criminal Act, Raymond argued that the guideline used to enhance his sentence contained identical language as in *Johnson*. Accordingly, Raymond requested that the court vacate his current sentence and resentence him under the appropriate guideline range.

Several days after he filed his motion, the district court ordered the United States to file an answer. On that same day, the United States Supreme Court granted a petition for certiorari in *Beckles v. United States*, 137 S. Ct. 886 (2017). Because *Beckles* presented the exact same issue raised by Raymond, the district court stayed proceedings pending a decision by the Supreme Court.

3

The Supreme Court issued its decision on March 6, 2017. The Court held that the advisory sentencing guidelines were not subject to Fifth Amendment vagueness challenges, *Beckles*, 137 S. Ct. at 890, effectively foreclosing Raymond's pending claim.

Eight days after the Court decided *Beckles*, Raymond's counsel moved the court to defer ruling on the § 2255 motion. Raymond's counsel explained that he had "notified [Raymond] of the *Beckles* decision and its impact on his 28 U.S.C. § 2255 motion." In light of these developments, Raymond's counsel asked Raymond for "consent to withdraw the § 2255 motion." Counsel requested that the district court defer its ruling on the § 2255 motion for fourteen days to allow time for counsel to obtain Raymond's consent.

The district court denied the motion. Reasoning that Raymond already had fourteen days to consider his options after *Beckle*s, the court found that "[i]t is now time to proceed." Accordingly, the court ordered the United States to "file an answer to the § 2255 motion on or before April 17, 2017."

In response, Raymond voluntarily dismissed his § 2255 motion. In his notice of dismissal, Raymond declared that he "no longer s[ought] relief through 28 U.S.C. § 2255." Because the government had not yet filed an answer as ordered by the district court, Raymond sought dismissal without prejudice under Federal Rule of Civil Procedure 41(a)(1)(A)(i).

4

Although Raymond never expressly admitted defeat, his counsel's correspondence with the court and the timing of the dismissal make clear that he abandoned his vagueness claim in response to the Supreme Court's decision in *Beckles v. United States*, 137 S. Ct. 886 (2017). Indeed, Raymond raised no other claims in his first motion except the theory expressly rejected by the Court in *Beckles*. Moreover, the district court stayed the case until the Supreme Court decided *Beckles*, after which Raymond promptly moved to dismiss. In his motion to defer, Raymond's counsel stated that he had "notified [Raymond] of the *Beckles* decision and its impact on his 28 U.S.C. § 2255 motion." And in his subsequent notice of dismissal, Raymond stated that he "no longer s[ought] relief through 28 U.S.C. § 2255." Unlike some other petitioners, Raymond has offered no alternative basis for dismissing his motion. *Cf. Haro-Arteaga v. United States*, 199 F.3d 1195, 1197 (10th Cir. 1999) (declining to apply the second-or-successive bar because Haro-Arteaga explained that "he was making the motion [to dismiss] to 'avoid any delay in his pending transfer application to Mexico'").

Under these circumstances, the dismissal of Raymond's first § 2255 motion was functionally equivalent to an adjudication of the merits. *See Woods*, 525 F.3d at 888. Thus, his first motion qualified as a motion under § 2255. Therefore, the district court did not err in dismissing his second-in-time § 2255 motion under AEDPA's prohibition on second or successive petitions.

We **AFFIRM** the district court's dismissal of Raymond's motion, No. 19-35047.  We also **DENY** Raymond's request for authorization to file a second or successive petition, No. 18-73048, because it fails to meet the standards under § 2255(h).