**FILED**
**United States Court of Appeals**
**Tenth Circuit**

## UNITED STATES COURT OF APPEALS

### FOR THE TENTH CIRCUIT

**December 12, 2022**

_____

**Christopher M. Wolpert**
**Clerk of Court**

CLINTON RAY WOODS,

    Petitioner - Appellant,

v.

BRIDGET HILL, in her official capacity as
Wyoming Attorney General,

    Respondent - Appellee.

No. 22-8034
(D.C. No. 2:19-CV-00094-SWS)
(D. Wyo.)

_____

### ORDER DENYING CERTIFICATE OF APPEALABILITY*
_____

Before **HARTZ**, **BALDOCK**, and **McHUGH**, Circuit Judges.
_____

Clinton Ray Woods, a Wyoming state prisoner proceeding pro se, seeks a

certificate of appealability (COA) to appeal the denial of his application under 28 U.S.C.

§ 2254 by the United States District Court for the District of Wyoming. *See* 28 U.S.C.

§ 2253(c)(1)(A) (COA required to appeal denial of § 2254 application). We deny his

application for a COA and dismiss the appeal.

---

    * This order is not binding precedent except under the doctrines of law of the case,
res judicata, and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## I.    BACKGROUND

In July 2016 a Wyoming state-court jury convicted Mr. Woods on four counts of sexual abuse of a minor arising out of his sexual assault of D.O., the 14-year-old daughter of his girlfriend, Angel King. His appeal and postconviction proceedings brought no relief.

Then in May 2019 Mr. Woods filed a counseled § 2254 application arguing ineffective assistance of trial counsel, ineffective assistance of appellate counsel, and actual innocence. The district court stayed Mr. Woods's case pending his pro se pursuit of additional state-court remedies, but those efforts were unsuccessful. In May 2021 Mr. Woods returned to federal court and filed a counseled brief in support of his original application. In May 2022 the district court denied Mr. Woods's request for an evidentiary hearing, granted summary judgment to the state on those claims previously submitted to the Wyoming Supreme Court, dismissed the remainder of the claims, and denied Mr. Woods a COA.

## II.    ANALYSIS

A COA issues "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a district court dismisses an applicant's constitutional claims on procedural grounds without reaching the merits, the applicant must show, "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason

2

would find it debatable whether the district court was correct in its procedural ruling."
*Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Mr. Woods seeks a COA to appeal the district court's decision, arguing that the district court erred in (1) dismissing those claims that were raised for the first time in Mr. Woods's 2021 brief in support (that is, not presented in the 2019 § 2254 application itself), and (2) concluding that his trial counsel did not provide ineffective assistance by failing to investigate and call five experts as witnesses and that appellate counsel did not provide ineffective assistance by failing to raise claims of ineffective assistance of trial counsel.[1] We conclude that he is not entitled to a COA on either ground.

### a. Claims raised in brief

Mr. Woods argues that the district court erred in dismissing those claims presented for the first time in his district-court brief in support of his § 2254 application. After the state challenged these claims as untimely, Mr. Woods withdrew some of them and argued that the district court should consider the remainder on the merits because they "related back" to his original § 2254 application. The district court ruled that the relation-back doctrine did not apply because Mr. Woods had never moved to amend his § 2254 application. It therefore dismissed the claims.

---

[1] Mr. Woods's Statement of the Issues in his opening brief lists eight issues, but he develops arguments only for two issues. The other issues are therefore not preserved for appeal. *See United States v. Cooper*, 654 F.3d 1104, 1128 (10th Cir. 2011) ("It is well-settled that arguments inadequately briefed in the opening brief are waived." (internal quotation marks and original alteration omitted)); *United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009) (where appellant "appears pro se, we must construe his arguments liberally; this rule of liberal construction stops, however, at the point at which we begin to serve as his advocate").

No reasonable jurist could debate the authority of the district court to dismiss the claims. It had no obligation to consider claims that were in neither the § 2254 application nor an amendment to the application. This is particularly so when Mr. Woods had counsel both to file the petition and to file the district-court brief. *See Milton v. Miller*, 812 F.3d 1252, 1265 (10th Cir. 2016) ("Ordinarily, to present his new claims on the merits, Milton would have to amend his habeas petition"); *Robinson v. Wade*, 686 F.2d 298, 304 (5th Cir. 1982) ("In habeas corpus proceedings, as in other civil proceedings, claims can be added after filing of the pleadings only by amendment"); *cf. Woods v. Carey*, 525 F.3d 886, 890 (9th Cir. 2008) (Ninth Circuit decision requiring district court to construe a second habeas petition filed while an earlier-filed petition is still pending as a motion to amend the pending pleading applies only to pro se petitioners because if the petitioner "had the benefit of counsel . . . that counsel certainly would have filed the [new] claims as an amendment to the [original] petition.").

### b.  Expert-witness claims

Mr. Woods also argues that trial counsel was ineffective for failing to investigate and then to interview or call as witnesses (1) DNA expert Michelle Martin, (2) serologist Kimberly Ley, (3) Krista Lewis, the sexual assault nurse examiner (SANE) who examined D.O., (4) forensic psychologist Dr. Chuck Denison, and (5) polygraph examiner Gary Somerville. Mr. Woods also argues that appellate counsel was deficient for failing to raise these issues on appeal.

4

Several of these claims were not adequately preserved for our review. Mr. Woods raised his trial-counsel ineffectiveness claims as to three proposed witnesses—(1) serologist Kimberly Ley, (2) SANE examiner Krista Lewis, and (3) forensic psychologist Dr. Chuck Denison—for the first time in the district-court brief in support. For the reasons stated above, these claims were properly dismissed. The same is true for Mr. Woods's claims that appellate counsel was ineffective for failing to raise those issues on appeal, but only as to Ley and Denison; he properly argued the appellate ineffectiveness subclaim as to Krista Lewis. The only preserved claims, and therefore the only claims we consider, are Mr. Woods's arguments as to DNA expert Michelle Martin, polygraph examiner Gary Somerville, and—with reference only to appellate counsel's performance—SANE examiner Krista Lewis. We note that even if these claims were preserved in federal district court, there is a substantial question whether they were exhausted in state court. But we can readily dispose of the claims on the merits and, for the sake of simplicity, choose to do so. *See* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.").

To establish a claim of ineffective assistance of counsel, Mr. Woods must satisfy the two prongs of the test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984), showing both (1) the objective unreasonableness of his attorney's representation, and (2) resulting prejudice to Mr. Woods—that is, that there is a reasonable probability the outcome of the proceeding (the trial or the appeal) would have been different but for

5

counsel's errors, *see id.* at 687, 694. When reviewing a claim of ineffective assistance of appellate counsel based on failure to raise a claim of ineffective assistance of trial counsel, we may consider the merits of the trial-counsel-ineffectiveness claim; if that claim had no merit, then appellate counsel was not ineffective for failing to raise it. *See Cargle v. Mullin*, 317 F.3d 1196, 1202 (10th Cir. 2003). We therefore begin by examining whether trial counsel was ineffective with respect to the three experts.

Mr. Woods contends that he passed a polygraph examination administered by Gary Somerville. Perhaps evidence of that examination would have been persuasive to the jury, but it is highly unlikely that the jury would ever have learned of it. Under Wyoming law, polygraph testimony is inadmissible absent a stipulation by the parties. *See Schmunk v. State*, 714 P.2d 724, 731 (Wyo. 1986). Mr. Woods has not suggested any reason why the prosecution would have stipulated to the admission of the examination. Trial counsel cannot have been ineffective for failing to call Somerville as a witness when, as a matter of law, the substance of his proffered testimony was not admissible. *See Parker v. Scott*, 394 F.3d 1302, 1323 (10th Cir. 2005).

As for SANE examiner Krista Lewis, Mr. Woods claims that her testimony would have impeached a pretrial statement by D.O. that he had anally penetrated her less than 72 hours before the SANE examination. Lewis would have testified that her examination of D.O. revealed no indication of vaginal or anal trauma. But at trial D.O. retracted her claim of anal penetration. Lewis's testimony would have added little or nothing and could hardly have affected the verdict.

Finally, DNA expert Michelle Martin would have testified that, although several items retrieved from D.O.'s home (including her mattress, underwear, and socks) contained traces of male DNA, testing determined that the DNA did not belong to Mr. Woods. This testimony, Mr. Woods argues, would have discredited D.O.'s testimony that she and Mr. Woods had sexual intercourse on her bed. And the presence of an unknown male's DNA on D.O.'s possessions, Mr. Woods argues, supports his claims of innocence while also discrediting D.O.'s statement to investigators that Mr. Woods had been her only sexual partner. But the jury knew that there was no physical evidence to support D.O.'s accusations against Mr. Woods, and at trial she admitted that she had engaged in intercourse with her boyfriend. Again, there is not a reasonable probability that testimony by Martin would have resulted in an acquittal.

We therefore conclude that Mr. Woods is not entitled to relief on his ineffective-assistance claims.[2]

### III.    CONCLUSION

No reasonable jurist could debate the district-court dismissal of Mr. Woods's

---

[2] We note that Mr. Woods has also raised a claim of actual innocence. But that claim is relevant only as a mechanism to overcome the procedural bar from failure to exhaust the ineffective-assistance claims in state court. Since we have addressed the merits of the ineffective-assistance claims, the actual-innocence claim need not be considered.

claims challenged in this court. We therefore **DENY** his request for a COA and dismiss this appeal.

Entered for the Court


Harris L Hartz
Circuit Judge
